THE STATE OF KANSAS, *ex rel.*, *etc.*, v. THE BOARD OF COMM'RS OF THE COUNTY OF HODGEMAN, *et al.*

1. CANVASSING BOARD; *Duty as to Returns.* Where returns of an election on file in the office of a county clerk are regular in form and genuine, and the result of the election is not procured through fraud or illegality, it is the duty of a canvassing board to canvass all the returns; and where the board canvasses only a part, it may be compelled by mandamus to discharge its whole duty, and canvass all.

2. NEWLY-ORGANIZED COUNTIES; *Terms of Office.* Where the first election in a newly-organized county is held for county officers on the Tuesday succeeding the first Monday in November, the day for holding general elections, all county officers then elected continue to hold their offices until the next general election, and until their successors are elected and qualified. (Comp. Laws, 1879, p. 267, § 8.)

*Original Proceedings in Mandamus.*

ON the 19th day of December, 1879, an alternative writ of mandamus was issued out of this court, upon a petition filed therefor on behalf of the state, by *Willard Davis*, attorney general, and directed to the board of commissioners of the county of Hodgeman, and *S. A. Sheldon, J. R. Wilson*, and *J. W. Hunter*, as members of said board, commanding them to meet on the 27th day of December, 1879, at Hodgeman Center, the county seat of said county, and then and there to canvass the votes cast in that county, at the election held therein on the first Tuesday of November, 1879, for a per-

manent county seat thereof, and for various county and township offices, or to show cause, etc. At the time of the issuance of the alternative writ, no canvass whatever had been made by the county clerk and the commissioners; but after the service of the writ, and on January 12th, 1880, the county board convened, partially canvassed the votes cast at said election and declared certain results. A statement of the vote for contested county officers and for a permanent county seat of said county, and of the results declared, is as follows:

| Offices. | Names. | Marena Tp. | Sterling Tp. | Center Tp. | Rosco Tp. | Total. | Majority. |
|---|---|---|---|---|---|---|---|
| COUNTY CLERK | E. M. Prindle | 56 | 58 | 113 | 48 | 275 | 197 |
| | L. Miller | 45 | 18 | 13 | .. .. | 76 | |
| | W. W. Wheeland (declared elected) | 1 | .. .. | 1 | .. .. | 2 | |
| TREASURER | W. A. Frush | 56 | 58 | 109 | 48 | 271 | 196 |
| | A. R. Laird | 40 | 18 | 15 | .. .. | 73 | |
| | J. R. Wilson (declared elected) | 2 | .. .. | ... ... | .. .. | 2 | |
| SHERIFF | G. M. Curtis | 44 | 53 | 108 | 48 | 253 | 158 |
| | A. E. Heizer | 56 | 22 | 16 | .. .. | 94 | |
| | S. A. Sheldon (declared elected) | 1 | .. .. | ... ... | .. .. | 1 | |
| REGISTER OF DEEDS | J. A. Whiteside | 53 | 51 | 108 | 48 | 260 | 177 |
| | H. W. Fiedler (declared elected) | 46 | 23 | 14 | .. .. | 83 | |
| COUNTY SURVEYOR | D. V. Morgan | 48 | 55 | 110 | 48 | 261 | 174 |
| | U. U. Buhrmin (declared elected) | 51 | 21 | 15 | .. .. | 87 | |
| CORONER | T. Jackson | 55 | 45 | 100 | 48 | 248 | 161 |
| | C. Board | 45 | 20 | 21 | .. .. | 86 | |
| | —— Lindsey (declared elected) | 1 | .. .. | ... ... | .. .. | 1 | |
| COMM'R 2D DISTRICT | C. E. Roughton | .. .. | .. .. | 90 | .. .. | 90 | 51 |
| | Wm. Inderlied (declared elected) | ... .. | .. .. | 39 | .. .. | 39 | |
| COUNTY SEAT | Buckner, "the geographical center," (declared elected) | 2 | 50 | 99 | 48 | 199 | 44 |
| | Marena | 89 | 17 | 1 | .. .. | 107 | |
| | Hodgeman Center | 9 | 3 | 28 | .. .. | 40 | |
| | Fordham | .. .. | 8 | ... ... | .. .. | 8 | |

A certain ticket prefaced with, and having thereon for its frontispiece, the picture of a bull's head, (the same being known and designated in the election as the "Bull-Head" ticket) was at the canvass of the vote made as aforesaid, January 12, 1880, declared duly elected — that is, the candidates named thereon "for full term" were so declared, although several thereof had received but one or two votes out

of the 350 votes cast at said election, and none had received a majority thereof.

A copy of said ticket, elected in the manner aforesaid, and declared duly elected, is as follows:

### REPUBLICAN TICKET.

Judge of Ninth Judical District,
SAM. R. PETERS.
For Representative,
To fill vacancy,
E. N. RUDDOCK.
Commissioner 1st District,
To fill vacancy,
LOUIS STROUD.
Commissioner 2d District,
For full term,
WM. INDERLIED.
Commissioner 3d District,
·To fill vacancy,

For County Clerk,
To fill vacancy,
LAWRENCE MILLER.
For full term,
W. W. WHEELAND.
For County Treasurer,
To fill vacancy,
A. R. LAIRD.
For full term,
J. R. WILSON.
For Sheriff,
To fill vacancy,
A. E. HEIZER.
For full term,
S. A. SHELDON.

For County Attorney,
To fill vacancy,
T. CASE.
For Probate Judge,
To fill vacancy,
J. L. WHEELER.
For Register of Deeds,
To fill vacancy,
H. W. FIEDLER.
For full term,
H. W. FIEDLER.
For Sup't Public Instruction,
To fill vacancy,
DR. J. MARLOW.
For Clerk of Court,
To fill vacancy,
G. HECKLE.
For Surveyor,
To fill vacancy,
U. U. BUHRMIN.
For full term,
U. U. BUHRMIN.
For Coroner,
To fill vacancy,
C. BOARD.
For full term,
— LINDSEY.

The defendants appeared and answered, showing cause. The case was heard upon the pleadings, an agreed statement of facts, and oral testimony. The opinion herein was filed January 28, 1880.

*Willard Davis*, attorney general, *A. B. Jetmore*, and *T. S. Haun*, for The State.

*J. W. Crawford*, for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This is an action of mandamus, to compel a canvass of the votes cast in the county of Hodgeman

at the election held on the first Tuesday of November, 1879, for a permanent county seat of the county, and for the various county and township officers.   At the time of the issuance of the alternative writ, no canvass whatever had been made by the county clerk and commissioners, but after the service of the writ, and on January 12, 1880, the county board convened, and partially canvassed the votes, and declared certain results.   Exception is taken to this canvass and declaration, on the ground that the canvassers failed to discharge their duty as prescribed by the statute.   The contention over the canvass is now confined to the offices of county clerk, treasurer, sheriff, register of deeds, surveyor, coroner, commissioner of the second district, and the determination in regard to the county seat.   The returns of the election, on file in the office of the county clerk, are apparently regular in form and genuine, and show upon their face that E. M. Prindle received the greatest number of votes for county clerk, W. A. Frush the greatest number for treasurer, G. M. Curtis the greatest number for sheriff, D. V. Morgan the greatest number for surveyor, J. A. Whiteside the greatest number for register of deeds, T. Jackson the greatest number for coroner, and C. E. Roughton the greatest number for commissioner of the second district.   The majorities for the persons named range from *197* to *51* over all the other candidates.   The canvassers declared elected for said offices, those having the fewest votes.   Upon the face of the returns, most of said persons had only two votes.   Instead of taking the returns as made to them from the different voting precincts, adding them, and declaring the results, they recounted the ballots.   Upon this count, most of the persons declared elected by them for said offices had eleven votes out of the 350 cast at the election.   The defense, or rather the apology made for this anomalous conduct, is, that as the votes were cast at the first election in the county of Hodgeman, two classes of officers were elected—one class to fill vacancies from the canvass of the vote to the second Monday of January next after the election, and the other class for the full term of

the office, commencing on said second Monday of January; and as the commissioners had knowledge *aliunde* the returns, that certain tickets were voted at some of the election precincts on which candidates were designated for vacancies and others for the full term, they had the right to recount the ballots, and in all cases where the ballots failed to designate the candidates for the full term, to count such vote for a vacancy or the short term, and as the canvass was not made till Jan. 12, (at the expiration of the short term,) all votes could be rejected on which the term of office was not therein designated "for full term." In this way, those candidates having the greatest number of votes were "counted out," and those having the fewest votes "counted in." This ingenious theory, or rather this indefensible plan to defeat the expressed will of the electors, has not a shadow of support in the law; and the commissioners, by their action, have attempted seemingly to violate law and justice alike for the furtherance of personal or partisan ends. If they have acted upon alleged legal advice, they have been grossly misled, and the result of this proceeding will be the absolute discomfiture of those seeking to count out the elected candidates. Common honesty and common sense on their part ought to have suggested a full canvass of the returns; also, the declaration of election in favor of the persons having the highest number of votes and the relegation of the quirks and quibbles about vacancies and short terms to the rival parties.

The election occurred on Tuesday succeeding the first Monday in November, the time appointed for the general election. The special election was not completed until the general election was through with — both ended at the same time. All county officers elected at such an election hold their offices until the next general election after said day, and until their successors are elected and qualified. (Comp. Laws 1879, p. 267, § 121.) Perhaps some of them may continue in office for two years, but we need not settle that matter now, as the question is not before us. Certainly, there were no such vacancies or short terms as wrongly assumed by the canvassers.

Their action in the premises was therefore arbitrary and illegal. ( *Lewis v. Comm'rs of Marshall Co.,* 16 Kas. 102; *Hagerty v. Arnold,* 13 Kas. 367.)

But a word need be said of the other point raised. It seems that Buckner was declared the permanent county seat. Most of the returns describe Buckner as the geographical center; and while we think the declaration sufficient, to prevent further trouble and litigation in the county, as a re-canvass is to be had and a new declaration made, it will perhaps be better, under the circumstances, for the commissioners to again declare Buckner ( the geographical center ) the permanent county seat of the county of Hodgeman.

In accordance with the views herein expressed, the peremptory writ of mandamus must be awarded as prayed for; and the said defendants are commanded to meet and canvass the votes herein referred to, and upon the face of said returns to determine that E. M. Prindle has been elected county clerk, W. A. Frush county treasurer, G. M. Curtis sheriff, J. A. Whiteside register of deeds, D. V. Morgan surveyor, T. Jackson coroner, C. E. Roughton commissioner of the second district, and Buckner (the geographical center) the permanent county seat.

VALENTINE, J., concurring.