THE STATE OF KANSAS, *on the relation of S. B. Bradford, Attorney General*, v. THE BOARD OF COMMISSIONERS OF HASKELL COUNTY.

STATUTE—*Valid Proviso — County Bonds for Railroad, When Valid.* The following proviso contained in § 1, chapter 128, of the Laws of 1887, is not unconstitutional, or void. The proviso reads as follows: "*Provided*, That no bonds except for the erection and furnishing of school houses shall be voted for and issued by any county or township within one year after the organization of such new county, under the provisions of this act." Under this proviso a newly-organized county cannot legally vote for and issue bonds in aid of a railroad company within one year after the county has been organized.

*Original Proceeding in Mandamus.*

THE petition was filed in this court on April 12, 1888. The opinion, filed at the session of the court in October, states the material facts.

*Taylor, Jones & Taylor*, for plaintiff.

The opinion of the court was delivered by

VALENTINE, J.: This is an action of mandamus, brought originally in this court in the name of the state of Kansas, on the relation of the attorney general, to compel the board of county commissioners of Haskell county to call an election for the purpose of authorizing the issuing of county bonds to the Dodge City, Montezuma & Trinidad Railway Company. It appears that the county of Haskell was organized in July, 1887, or soon thereafter. The temporary county officers were appointed by the governor on July 1, 1887, and the permanent county officers were elected by the electors of the county on October 13, 1887. On April 5, 1888, a proper petition signed by more than two-fifths of the resident taxpayers of the county was presented to the board of county commissioners praying for the election aforesaid, but the board refused, upon the ground that the county of Haskell had not been organized one year, and that they were prohibited from ordering such an election by the proviso contained in § 1, chapter 128, of the Laws of 1887. This proviso, with a few of the words immediately preceding it, reads as follows:

"From and after the qualification of the county officers appointed under this act, the said county shall be deemed to be duly organized: *Provided,* That no bonds except for the erection and furnishing of school houses shall be voted for and issued by any county or township within one year after the organization of such new county, under the provisions of this act."

This seems to be the only ground upon which the refusal by the county board to call the election is based. On the other side, it seems to be admitted that if this proviso has full force and effect, the commissioners were right in refusing to call the election. But it is claimed on the part of the plaintiff in this action, that such proviso is unconstitutional and void for the reason that it contravenes that provision of § 16, article 2 of the constitution which says that "no bill shall contain more than one subject, which shall be clearly expressed

in its title." It is claimed in the present case that the title
to the act is not broad enough to include the aforesaid proviso.
The title to the act reads as follows:

"An act relating to the organization. of new counties, and
amendatory of section one, chapter ninety of the Session Laws
of 1886, and section two of chapter sixty-three of the Session
Laws of 1876, and sections three and five of that part of
chapter twenty-four of the General Statutes of Kansas, en-
titled 'An act relating to the organization of new counties.'"

All the acts referred to in this title are simply acts relating
to the organization of new counties; hence we think the title
to this act is substantially as follows: "An act relating to the
organization of new counties."

It is claimed that under the statutes when the temporary
county officers appointed by the governor have qualified and
entered upon the discharge of their duties, the county is fully
and completely organized, and therefore that the proviso,
which relates to the voting for bonds and the issuing of the
same after the county has been so organized, is not contained
within the title to the act. In other words, it is claimed that
the title to the act relates solely to the organization of new
counties, while the proviso has no relation whatever to such
kinds of organization or in any manner to the *organizing* of
new counties, and therefore that the proviso is not contained
within the title of the act at all, and not expressed therein.
Now it will be admitted that when the temporary county offi-
cers appointed by the governor have qualified and entered
upon the discharge of their duties, the county is organized.
(*Keating v. Marble*, 39 Kas. 370; same case, 18 Pac. Rep.
189.) But such organization is not a completed or perfected
organization; or at least it is not an organization sufficient for
all purposes. At that time the county has no county attorney,
no clerk of the district court, no county treasurer, no register
of deeds, no coroner, no superintendent of public instruction,
no county surveyor, and no probate judge; and of course
nothing could be done in the county requiring the services of
such officers. The organization at most is only a temporary

or provisional organization, and for special and limited purposes, and the completed and perfected organization must be brought into existence at some time in the future.    A comparatively complete and perfect organization may be brought into existence by the election and qualification of the full set of officers, and this may be done within less than one year after the consummation of the temporary organization; but it would still be within the power of the legislature to say that even this comparatively complete and perfect organization should not be a full and complete organization for all purposes, and that it should not be a full and complete organization until at least one year has expired after the temporary organization had been consummated: and this, in substance, is just what the legislature has said.    The legislature has in effect said that when the temporary officers appointed by the governor under the act relating to the organization of new counties have qualified, the county shall be deemed to be duly organized except for certain purposes, including the voting and the issuing of that kind of bonds which are now in controversy; or, in other words, "the said county shall be deemed to be duly organized, *provided,* that no bonds" of the kind now in controversy, "shall be voted for and issued    .   .   .    within one year after the organization." (See that part of § 1, chapter 128 of the Laws of 1887, above quoted.)    Now if this proviso has the effect to delay or postpone the complete organization of the county for one year, it certainly has relation to the organization of new counties.

We think that the proviso has sufficient relation to the organization of new counties that it may be considered as comprehended within the comprehensive title to the act relating to the organization of new counties, (ch. 128, Laws of 1887;) and therefore that it is not unconstitutional or void, or at least it is not so clearly unconstitutional and void that we can declare it to be so.    As throwing light upon this subject, see the case of *The State* v. *Barrett,* 27 Kas. 213, and cases there cited; and *Comm'rs of Cherokee Co.* v. *The State, ex rel.,* 36 id. 337.

The peremptory writ of mandamus prayed for in this case will be denied.

All the Justices concurring.