JOHN V. KILLION v. CLARENCE VAN PATTEN.—DAVID
F. GREGORY v. FRANK W. DUNN.—DAVID GODDARD
v. N. A. JOHNSON.—GEO. W. HOVEY v. J. E. T. KEP-
HART.—PRIOR H. GUY v. J. M. KNAPP.

QUO WARRANTO — *County Offices.* Upon the facts stated, judgment for
plaintiffs for the possession of the offices, for damages for the deten-
tion thereof, and against the defendants for costs. (*The State, ex rel.,
v. Fulton,* ante, p. 164, approved, and followed.)

*Original Proceedings in Quo Warranto.*

THE opinion, filed on July 5, 1889, contains a sufficient
statement of the case.

*Rossington, Smith & Dallas,* and *Milton Brown,* for plain-
tiffs.

*Johnson, Martin & Keeler,* and *Edwin A. Austin,* for de-
fendants.

Opinion by CLOGSTON, C.: On the 25th day of November,
1887, plaintiffs commenced five separate actions, original in
this court, to oust from office Clarence Van Patten, county
clerk; F. W. Dunn, register of deeds; J. E. T. Kephart,
probate judge; J. M. Knapp, county surveyor; and N. A.
Johnson, county commissioner, of Garfield county, Kansas,
and for damages; and afterward a stipulation was entered
into between the parties by which the evidence taken in the
case of *The State, ex rel., v. Fulton,* ante, pp. 164, *et seq.,* to
compel Fulton to remove his office to the town of Eminence,
and to determine the permanent location of the county seat in
Garfield county, should be used and taken as the evidence in
this case.    As the decision in that action determined the va-
lidity of the election for county officers in Center township,
and the opinion in that case states the facts, they will be omitted
here.    The contention is as to who was elected at that election
to the several county offices named above.    The returns as
canvassed and declared show that Clarence Van Patten re-

ceived 385 votes, and J. V. Killion 363 votes, for county clerk. The number received by Van Patten from Center township was 229; by Killion, 69; showing a majority for Van Patten of 22. Frank W. Dunn received 411 and D. F. Gregory 404 votes, for register of deeds; majority for Dunn, 7. Of the votes received by Dunn, 235 were from Center township; and for Gregory, 76 from Center township. J. E. T. Kephart received 424 votes, and George W. Hovey 389 votes, for probate judge. Of this number, Kephart received 238 from Center township, and Hovey 77 votes. J. M. Knapp received 426, and P. H. Guy 390 votes, for county surveyor. Of these votes Knapp received 238 from Center township, and Guy 75 votes. N. A. Johnson received 273 votes, and Daniel Goddard 190 votes, for county commissioner of the second district. Of this vote Johnson received 243 votes from Center township, and David Goddard 100. From this it will be seen that if the vote cast at Center township is not counted, each of the plaintiffs received a majority of the votes cast in the county, and that they were entitled to the several offices. As before stated, this action is to be determined from the testimony taken in the county-seat case. Upon the same state of facts the vote of Center township was rejected and not counted, and for the reasons there given the same action will be had in this case. This leaves for each of the plaintiffs a majority, and entitles them to the several offices.

The evidence shows that Van Patten received $1,970.85 as salary of county clerk during the time for which he held the office, and for which the plaintiff J. V. Killion was entitled to hold the office; that Frank W. Dunn received as register of deeds fees amounting to $585.80 while he so held the office, and for which time D. F. Gregory was entitled to hold the office and receive the fees; that J. E. T. Kephart received as salary as probate judge $320.10 for the term of office held by him, during which time plaintiff George W. Hovey was entitled to hold the office and receive the fees and salary; that N. A. Johnson received $100 as county commissioner for the term of office for which plaintiff David Goddard was entitled

to hold the office and receive the salary.    It is therefore rec-ommended that the judgment of the court be in favor of the plaintiffs, J. V. Killion, D. F. Gregory, David Goddard, Geo. W. Hovey, and Prior H. Guy, and against the defend-ants, Clarence Van Patten, Frank W. Dunn, N. A. Johnson, J. E. T. Kephart, and J. M. Knapp, for the possession of the offices; and also against Clarence Van Patten for $1,970.85, Frank W. Dunn for $585.80, J. E. T. Kephart for $320.10, N. A. Johnson for $100; and against all the defendants for costs.

By the Court: It is so ordered.

All the Justices concurring.