JOHN V. KILLION v. D. W. HERMAN.

NEWLY-ORGANIZED COUNTY — *First Election* — *Officers* — *Length of Term.* At the first election held in a newly-organized county, the county officers elected at such election will hold their offices only until the next general election to be held thereafter, and until their successors shall be elected and qualified, although such first election may be held on the same day on which the general election in the state is held.

*Original Proceeding in Mandamus.*

THE opinion, filed at the session of court in January, 1890, states the facts.

*Milton Brown,* and *Rossington, Smith & Dallas,* for plaintiff.

*Hogan & Scott,* for defendant; *Johnson, Martin & Keeler,* of counsel.

The opinion of the court was delivered by

VALENTINE. J.: This is an original proceeding in *mandamus,* instituted in this court on October 26, 1889, by John V. Killion, who claims to be the county clerk of Garfield county, against David W. Herman, who is alleged to be in the possession of many articles belonging to that office, to compel the defendant to deliver to the plaintiff such articles. The defendant in his answer and return to the alternative writ, sets forth and alleges various facts as a defense to the plaintiff's action, and the plaintiff in response thereto moves the court to quash such answer and return, upon the ground

that it does not set forth facts sufficient to constitute any defense to his action. Among the admitted facts in the case are the following: Garfield county was temporarily organized as a county on July 16, 1887, and Clarence Van Patten was appointed by the governor as the temporary county clerk. The first election held under such organization was held on November 8, 1887, at which election the plaintiff, John V. Killion, was duly elected to the aforesaid office of county clerk. (*Killion v. Van Patten*, 42 Kas. 295; same case, 22 Pac. Rep. 382.) At the next general election, held on November 6, 1888, a full set of county officers was elected, the defendant, Herman, being elected to the office of county clerk. Afterward the defendant received his certificate of election and duly qualified, whereupon the then incumbent of the office, Clarence Van Patten, delivered to him all the books, papers and other things belonging or appertaining to the office, which he, Herman, then and there received in his official capacity as county clerk, and he still claims to hold them in such capacity, and claims to be the county clerk, and to be in the possession of the office.

We shall pass over all questions involved in this case except the principal one discussed by counsel, which is as follows: At the election held on November 8, 1887, was Killion elected to hold the office of county clerk for the full term of two years, or was he elected to hold such office only until the next general election, and until his successor should be elected and qualified? The election held on November 8, 1887, was the first election ever held in Garfield county, and was therefore an election held in furtherance of the organization of the county, but it was also held on the same day on which the "general election" provided for by the constitution and the statutes of the state is held in counties where a completed and perfected organization has previously taken place. Can this last-mentioned fact make any difference so far as the main question involved in this case is concerned? This election was also held at a time at which county clerks may be elected in duly-organized counties either to fill vacancies for about two months,

or for full terms of two years. And does this fact affect the general question? This being the first election ever held in .Garfield county, it might have been properly held under the statutes at any other time either before or after November 8, 1887, if the county commissioners had so chosen. It was not necessary that it should be held on the same day on which the general election is by law to be held in completely organized counties. When a county clerk is elected to fill a vacancy, he may qualify and take his office as soon as the votes are canvassed; but when he is elected for a full term, his term of office does not commence until the second Monday of January next after the election, and under the statutes he cannot take the possession of his office before that time. Under the constitution and the statutes, the full term of office for a county clerk is two years, (Const., art. 9, § 3,) commencing on the second Monday of January next after his election. (Act regulating Elections, art. 5, § 58.) But for the purpose of filling vacancies, or in the organization of new counties, the county clerk may be elected for any shorter period of time, (*Haggerty v. Arnold,* 13 Kas. 367,) the time for the holding of the office to commence immediately. (*Ellis v. Reddin,* 12 Kas. 306; *Rule v. Tate,* 38 id. 765.) Now as the election held in Garfield county on November 8, 1887, was the first election ever held in that county, and as it was held pending the organization of that county, it would therefore seem that the terms of all the officers elected at that time would be governed by the act relating to the organization of new counties, and not by the acts relating to counties having a completed and perfected organization. According to the decision of this court in the case of *The State, ex rel., v. Comm'rs of Haskell Co.,* 40 Kas. 65, 67, 68; same case, 19 Pac. Rep. 362, a new county cannot have a full and complete organization for all purposes within less than one year after its temporary organization. In that case the following language is used:

"Now it will be admitted that when the temporary county officers appointed by the governor have qualified and entered upon the discharge of their duties, the county is organized.

(*Keating v. Marble*, 39 Kas. 370; same case, 18 Pac. Rep. 189.) But such organization is not a completed or perfected organization; or at least it is not an organization sufficient for all purposes. At that time the county has no county attorney, no clerk of the district court, no county treasurer, no register of deeds, no coroner, no superintendent of public instruction, no county surveyor, and no probate judge; and of course nothing could be done in the county requiring the services of such officers. The organization at most is only a temporary or provisional organization, and for special and limited purposes, and the completed and perfected organization must be brought into existence at some time in the future."

Section 8 of the act relating to the organization of new counties reads as follows:

"Sec. 8. Any person elected to a township office, at the first election shall, when qualified as the law directs, continue to hold his office until the next annual township meeting, and until his successor shall be elected and qualified; and all county officers shall, in like manner, hold until the next general election, and until their successors shall be elected and qualified."

We think the foregoing statute governs in this case. Under it Killion was elected to the office of county clerk on November 8, 1887, and under it he might have qualified and taken the possession of the office immediately after the canvass of the votes, (*Rule v. Tate*, 38 Kas. 765;) and might have held the office until the next general election to be held on November 6, 1888, and until his successor should be elected and qualified. If, however, he had been elected at the aforesaid election for a full term of two years, as provided for by other statutes, he could not have taken the possession of the office until the second Monday of January, 1888. (Act regulating Elections, art. 5, § 58.) The language in said § 8 is plain, and seems to mean just what we have construed it to mean; and there is no decision of this court to the contrary, while all the decisions upon similar questions seem to harmonize with the views above expressed. (*The State v. Comm'rs of Hodgeman Co.*, 23 Kas. 264; *Morgan v. Comm'rs of Pratt Co.*, 24 id. 71;

*The State v. Foster,* 36 id. 504; *Rule v. Tate,* 38 id. 765; *Davis v. Patten,* 41 id. 480; same case, 21 Pac. Rep. 677.)

We think that Killion was elected to the office of county clerk of Garfield county on November 8, 1887, to hold such office only until the next general election, to be **Newly-organized county—first election—offi-cers—length of term.** held on November 6, 1888, and until his successor should be elected and qualified; and that at the general election held on November 6, 1888, Herman was duly elected to said office; and therefore the motion of the plaintiff to quash the defendant's answer and return to the alternative writ in this case will be overruled.

All the Justices concurring.