ARTHUR CAPPER, *Plaintiff*, v. J. R. ANDERSON et al., as the Board of County Commissioners of the County of Bourbon, *Defendants*.

No. 18,502.

SYLLABUS BY THE COURT.

MANDAMUS — *Canvassing Board — Election Returns — Mistake.* Where in canvassing the returns of an election the county board reaches a result which is clearly wrong, and where the court can determine with certainty from the face of the poll books and tally sheets what the result should have been, the board may be compelled by mandamus to make a canvass showing that result.

Original proceeding in mandamus. Opinion filed December 7, 1912. Motion to quash alternative writ overruled.

*Fred S. Jackson,* of Eureka, *Robert Stone, George T. McDermott,* and *Eugene S. Quinton,* all of Topeka, and *E. C. Gates,* of Fort Scott, for the plaintiff.

*Herbert Lardner,* of Fort Scott, for the Board of County Commissioners.

*Ferry, Doran & Dean,* and *A. M. Harvey,* all of Topeka, *H. S. Martin,* of Marion, and *Hugh T. Farrelly,* of Chanute, for J. R. Anderson *et al.*

The opinion of the court was delivered by

MASON, J.:    A writ of mandamus is sought to compel the county board of canvassers to reconvene and make a new canvass of the votes cast for governor in

25—88 KAN.

Capper v. Anderson.

several of the precincts of Bourbon county at the recent election. An alternative writ has been issued and the case has been heard upon a motion to quash.

It is contended that the county board has in good faith completed a canvass, acting upon its best judgment, and adjourned *sine die,* and that it can not be compelled to reconvene and change the result, even although it may have made a mistake.

The principle that a board of canvassers which has completed its work can not be called upon to act further in the matter applies only where it has done the work properly, so far as its own conduct is concerned. It can not after final adjournment be compelled to reconvene for the purpose of giving effect to the correction of a subsequently discovered mistake made by some other officer of which it had no prior notice. But it can not escape its legal obligation to do a particular act by doing something else.

A canvassing board in ascertaining and registering the effect of the returns acts in a purely ministerial capacity and is subject to control by mandamus. (15 Cyc. 384; 26 Cyc. 277.) The power to compel a canvass implies the power to compel a correct one. A ministerial duty wrongly performed is not performed at all. The correction of an erroneous computation can of course be compelled by a court. The mistakes here complained of are substantially of that character. They consist of treating the face of the poll books and tally sheets as indicating a result which a proper consideration of the entire document shows beyond question to be wrong. Whatever might be the rule in a situation admitting of a substantial difference of opinion, when a court can determine with certainty that the poll books and tally sheets show a certain number of votes to have been cast and counted for a particular candidate, it can require a board of canvassers to give proper effect to that determination.

The motion to quash is overruled.