No. 34,277

JOHN BERGLUND, JR., *Appellee*, v. RAY HANNA, *Appellant*.

(87 P. 2d 581)

Opinion filed March 4, 1939.

C. *Vincent Jones*, of Clay Center, for the appellant.

W. T. *Roche*, of Clay Center, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was instituted as an action by an elector to contest the election of a candidate to a position on the board of the Clay county community high school. A motion to dismiss the action was overruled by the contest court. This action was appealed to the district court. On motion of the contestor this appeal was dismissed. The contestee has appealed to this court from the order of the district court dismissing its appeal from the order of the contest court. There is no dispute about the facts with which we are concerned.

At the general election in 1938 there were three positions to be filled on the board of trustees of the Clay county community high school. Two of these positions were filled by candidates about whose election there does not seem to be any dispute. As to the third place,

there was a contest between two candidates named Vergades and Hanna. Hanna was declared elected. Sometime after Hanna was declared elected one Berglund, an elector in the district, filed a bond, which was approved by the county clerk, and a verified statement was filed. This statement was headed:

"*In the Contest Court of Clay County, Kansas*

"JOHN BERGLUND, JR., Contestor, *vs.* RAY HANNA, Contestee.

"Statement of contestor for the office of trustee of the Clay County community high-school district in Clay county, Kansas."

This statement set out several irregularities and unlawful acts in the manner in which the election was carried out. These details are of no interest to us now, on account of the view we have taken of the case. It should be noted here that Berglund was not a candidate at the election. He instituted the action in his capacity of an elector. After the statement was filed the probate judge called two citizens of the county to sit with him as a contest court. Hanna then made a special appearance and filed a motion asking that the contest be dismissed for the reason that the court was without jurisdiction to entertain it, was without jurisdiction of the parties, and without jurisdiction to adjudicate the questions raised in the statement. This motion was overruled by the contest court. Hanna then served a notice on Berglund and his counsel that he was appealing from the order denying the motion and setting the case for hearing on the merits. At the same time Hanna filed the stay and appeal bond required by the statutes for the contest of elections to county offices. When this appeal came on to be heard in the district court on a motion of Hanna to dismiss it that court sustained the motion to dismiss on the ground that the "matter appealed from was not appealable." Hanna was later notified that the contest would be taken up before the contest court on its merits on a day set out in the notice. Hanna then served notice of his appeal to this court. A stay order was issued by this court and nothing further has been done in the contest case while the case has been pending here. Berglund filed a motion in this court to dismiss the appeal here on the ground that the overruling of his motion to dismiss the appeal was not an appealable order, as defined by G. S. 1935, 60-3303; that is, it was not a final order. This motion was passed and heard with the merits.

We shall dispose of the merits of the matter, since our decision on that will clarify the issues as to the various motions to dismiss.

The first question then is, Did the contest court have jurisdiction of the person of the contestee or of the subject matter? The legislature has provided various special tribunals and given them jurisdiction to hear and determine contests of elections. They are as follows:

"1. All state officers, G. S. 25-1401.

2. Senators and representatives, G. S. 25-1405.

3. Presidential electors, G. S. 25-1433.

4. County-seat elections, G. S. 25-1501.

5. County officers, G. S. 25-1411.

6. Township officers, G. S. 25-1432.

7. Officers of city of first class, G. S. 13-421."

It will be noted that the contesting of the election of county officers is provided for in G. S. 1935, 25-1411, *et seq.* That is the section under which the contestor proceeded. The statement was filed, the bond given, and the probate court called the two others to sit with him, as the statute provides. It will be noted that this action may be instituted by an elector, as it was in this case. · Our question is then whether the election of this trustee is a county election. The election of trustees of a community high school is provided for by G. S. 1935, 72-2503. That section provides, in part, as follows:

"The nomination and election of community high-school trustees shall be held at the same time and place and be in charge of the same officers and boards of election as are the regular primary and general elections for county officers."

The section also provides for the preparation of separate ballots and further as follows:

"The expenses of the printing of ballots for the purpose of electing community high-school trustees shall be charged by the board of county commissioners to the community high-school fund."

The creation of the district is provided for in G. S. 1935, 72-2501. The district comprises all the territory in the county that is not included in some other high-school district. It appears on the face of the statement filed by contestor that the community high-school district did not comprise all the territory of the county.

The provision first quoted above is persuasive on our question. It does not provide that the election of these trustees shall be conducted at the same time and place as elections for other county offices, but of county officers. It does not say that they shall be elected as county officers, but merely that the election shall be held at the same time and place and be in charge of the same officers and

boards. Later the provision for separate ballots and the payment of expenses appear. The intention of the legislature to make a distinction between these trustees and county officers clearly appears. The section goes into some detail about the election of these trustees. Had it been the intention of the provisions of the statute relative to the contest of county elections should apply to this election the legislature could have provided for it in a few words. This court has passed on a question analogous to this. In *State v. Freeman*, 61 Kan. 90, 58 Pac. 959, we said with reference to high-school trustees:

"They are no more county officers than are the principal and others who are appointed to conduct the high school. Some duties are imposed by the act on the officers of school districts, but that certainly does not make them county officers." (p. 93.)

There is ample reason why the legislature should have seen fit not to give an elector the authority to contest a high-school district election. The interest an elector would have in it does not readily appear. The election may be contested in an action in the nature of quo warranto. (See G. S. 1935, 60-1602.) Pursuant to that section and the following one, an action to contest this election could have been brought by the county attorney of Clay county, the attorney general or by the party whom the contestor claims to have been elected. The only effect of a holding that our statute G. S. 1935, 25-1411 *et seq.*, does not apply to this district office is to prevent the contest being instituted by an elector. We hold, therefore, that the contest court in this case was without jurisdiction of either the person of the contestee or of the subject matter of the action. The contest court had no jurisdiction to make any order at all except an order dismissing the contest. This brings us to the question of whether the action of the district court dismissing the appeal was correct. This appeal was dismissed by the trial court on the ground that the order refusing to dismiss the contest was not an appealable order, as defined by G. S. 1935, 60-3302 and 60-3303. The action of the court in dismissing this appeal is based on the authorities which hold as a general proposition that where a trial court refuses to dismiss an action the order still leaves the action in the trial court to be tried and nothing final has been done in the trial court. As a general rule that holding would be correct. A decision of the question we have, however, requires an examination of the various statutes relating to appeals.

In the first place, the position of the contestee is that his motion to dismiss the contest was equivalent to a demurrer on all the jurisdictional grounds. All the questions of fact necessary to determine the law point raised by the motion to dismiss the contest appeared on the face of the statement by the contestor. In the first place, G. S. 1935, 60-3301, provides as follows:

"A judgment rendered or final order made by a probate court, a justice of the peace or any other tribunal, board or officer exercising judicial functions, and inferior in jurisdiction to the district court, may be reversed, vacated or modified by the district court."

The contest court is undoubtedly a tribunal exercising judicial functions and inferior in jurisdiction to the district court. Final orders are defined by G. S. 1935, 60-3303. That section provides, in part, as follows:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment."

Attention is called to the provision of an order affecting a substantial right made in a special proceeding. An election contest is a special proceeding under G. S. 1935, 60-105. (See 20 C. J. 212, note 83, a.)

G. S. 1935, 60-3302, provides what orders may be appealed from. They are: "A final order . . . an order . . . that sustains or overrules a demurrer."

This clause has been held to mean any order that sustains or overrules a motion that has the qualities of a demurrer. (See *Bartholomew v. Guthrie,* 71 Kan. 705, 81 Pac. 491; *G. S. Johnson Co. v. N. Saur Milling Co.,* 148 Kan. 861, syl. ¶ 1.)

G. S. 1935, 60-3308, provides as follows:

"Appeals to courts other than the supreme court shall be taken and proceedings therein had in the same manner as is herein provided for appeals to the supreme court, except where special provision with reference to such appeals is made by statute."

We find, then, that a final order made by an election contest court may be reversed by the district court. (See G. S. 1935, 60-3301.) An order affecting a substantial right in an election contest is a final order. (See G. S. 1935, 60-3303.) Is an order which has the effect of putting a party to the expense and trouble of presenting a controversy to a court, which on the face of the proceedings has no juris-

diction whatever in the premises, an order affecting a substantial right? We hold that a statement of the question requires an answer in the affirmative, and that the trial court should have heard and determined the question of the jurisdiction of the contest court in the premises.

There is another view under which the trial court should have overruled the motion to dismiss the appeal. The appeal to a district court from a contest court must be taken and proceedings had in the same manner as is provided for appeals to the supreme court. (See G. S. 1935, 60-3308.) The supreme court may reverse, vacate or modify an order that sustains or overrules a demurrer or a motion which has the qualities of a demurrer. (See G. S. 1935, 60-3302.) The motion to dismiss the contest in this case had the qualities of a demurrer, hence the contestee had a right to appeal to the district court from the order overruling his motion to dismiss the contest.

What has just been said on the question of the right of the contestee settles the question of his right to appeal to this court from the order of the district court dismissing his appeal.

The judgment of the trial court is reversed with directions to order the contest court to dismiss the proceedings.

SMITH, J. (concurring specially): I concur in the result that the contest court was without jurisdiction to try the contest. I am not satisfied, however, that the matter of its ruling on the motion to dismiss could be reached by appeal. I arrive at the conclusion this way: Under the provisions of G. S. 1935, 25-1413, the contest court came into existence only when an elector sought to contest the election of a county officer. That is the only way on earth for that court to come into existence. That did not happen here; that is, the office sought to be contested is not a county office. Hence, there never was any contest court. The probate judge and the two men he called to sit with him were interlopers. They had no power to sit, call witnesses, hear motions or take any other action. They were a nullity. Since this is true, no appeal could be taken from the action of a court that did not exist. In my opinion, the remedy of Hanna in this case was either to have ignored the proceedings altogether or to have brought a separate action enjoining the probate judge and the two men he had called to sit with him from proceeding with the case.

HOCH, J., joins in this specially concurring opinion.