No. 35,124

WILLIAM H. BURKE, *Plaintiff*, v. THE STATE BOARD OF CANVASSERS OF THE STATE OF KANSAS, consisting of PAYNE RATNER, Governor; FRANK J. RYAN, Secretary of State; GEORGE ROBB, Auditor of State; WALTER E. WILSON, Treasurer of State; and JAY S. PARKER, Attorney General, *Defendants*.

(107 P. 2d 787)

 (For case involving the same controversy see *Burke v. State Board of Canvassers*, ante, p. 826, this day decided.) Opinion filed December 7, 1940.

*Jerry E. Driscoll*, of Russell, *D. C. Hill*, of Wamego, *George H. West*, of Kansas City, *George B. Collins*, of Wichita, and *E. R. Sloan*, of Topeka, for the plaintiff.

*Jay S. Parker*, attorney general, *C. Glenn Morris, A. B. Mitchell* and *Eldon Wallingford*, assistant attorneys general, for the defendants.

*Per Curiam:* At the general election of November 5, 1940, plaintiff was one of the candidates for governor. His name properly was on the ballot for state officers. The defendants are the state board of canvassers and the members of that board. This is an original proceeding in mandamus in which this court is asked to make an order commanding defendants to reject the ballots cast by absentee voters. The motion for the writ predicates the request for the order upon three grounds: (1) That the absentee-voter law, as construed, administered and applied by defendants, violates the fourteenth amendment to the constitution of the United States in that it extends to persons voting outside of the state rights and privileges that are not enjoyed by persons voting in the state, and deprives the electors of the state of the equal protection of the law. (2) That defendant is canvassing and counting ballots that have marks thereon other than those provided by the statute; ballots which were mailed on a day other than election day; ballots which were received separate and apart from the affidavits; ballots that have names written thereon, the imprint of seals thereon, that have not been marked by either black lead pencil or with ink; ballots where a cross mark appears where the name of the candidate has not been printed; ballots where the cross mark has not been completed, and ballots that do not conform with the requirements of the statute. (3) That ballots have been received, canvassed and counted which were cast by persons who were not qualified electors of the state.

We shall discuss these grounds in the reverse order from which they are stated in the motion. Under our statute neither the state canvassing board nor any of its members has any authority to pass upon the question of whether the person who cast an absentee ballot was a qualified voter. That is determined by the county clerk of his county and the fact certified to the secretary of state. The determination of that question by plaintiff, or his personal representative, would bind no one. Hence, this ground for the motion could not form the basis for the order sought.

The second ground of the motion could not be determined by this court without evidence. To hear such evidence, and to determine the questions presented, would be tantamount to the hearing of an election contest. In this state such contests are not heard in a proceeding for mandamus. They are heard under statutes making special provisions therefor, or in some instances by a proceeding in quo warranto. Hence this ground of the motion forms no basis for the order sought.

The first ground alleged is predicated upon the other two. The absentee-ballot law, in some form, has been a part of the law of this state since 1864. It has been sustained as valid each time its validity has been attacked. The election of state officers is governed by state constitution and statutes and not by the federal constitution or by acts of congress. No reason is alleged in the motion for the writ as to why the absentee-voter law of this state is in violation of the fourteenth amendment to the constitution of the United States, except "as it has been construed, administered and applied." This obviously refers to the second and third grounds of the motion, which, as we have seen, cannot be determined in a proceeding for mandamus. There is no allegation that the absentee-voters act deprives this plaintiff of equal protection of the law.

What has been said decides no question determinable in an appropriate proceeding or action to contest the election. We simply hold that grounds second and third of the motion for the writ cannot be determined in this proceeding. Ground one of the motion, insofar as it is dependent upon the other two, stands upon the same footing. Insofar as it stands alone it is simply a request for the court to determine the validity of a statute, with no allegation as to why it is invalid except the general statement that it extends to some persons privileges not enjoyed by others. This is insufficient. More than that, the statute has been held valid in cases previously

decided by this court. One of those cases was between the same parties here involved and pertaining to this same election.

An analysis of our former decisions will disclose that they are not in conflict with what is here decided.

The result is the motion for the writ presents no question determinable in a proceeding in mandamus. The motion therefore is dismissed.

ALLEN, J. (dissenting): On November 26, 1940, plaintiff filed a petition in this court in which it was alleged: First, that the absentee-voter law, as it has been construed and applied, violates the fourteenth amendment to the constitution of the United States. Second, that ballots are being received, counted and credited to the defendant in disregard of the mandatory requirements of the statute. Third, that ballots are being received, counted and credited to the defendant cast by persons who are not qualified electors of the state of Kansas.

A preliminary question having been raised whether plaintiff was entitled to the relief prayed for by an original proceeding in mandamus, counsel were requested to file briefs on the point on or before noon on Saturday, November 30, 1940. In due course and within time briefs were filed by counsel for plaintiff and by the attorney general for the defendant board. In the brief for the attorney general, it was stated:

"Upon the filing of such petition the defendant board objected orally to the issuance of a peremptory writ or an alternative writ or an order to show cause, for the reason that the court was without jurisdiction of the case.

"The court did not issue any order, except to ask both parties, by Saturday noon, November 30, to file with the court, briefs as to whether such action as this will lie in mandamus in our court."

In plaintiff's brief it was stated:

"A review of the decisions of this court reveals that it has without hesitation taken jurisdiction of election cases and construed the statute, thus determining the duties of the election board by whatever name known. The following is a list of some of the cases: *Capper v. Anderson,* 88 Kan. 385; *Rosenthal v. State Board of Canvassers,* 50 Kan. 129; *State, ex rel., v. Hodgeman County Commissioners,* 23 Kan. 264; *Capper v. Stotler,* 88 Kan. 387. Many other cases may be cited.

"In the Capper cases the court took jurisdiction and determined the issue. In one case it granted the writ, in the other it denied it. This contest involved the election of the governor and the court evidently considered that it was of sufficient public interest to warrant their taking jurisdiction

and determining the power of the election board. The statute here under consideration has not been construed by this court, and it appears to us that it is of general interest of the state to determine the power of the canvassing board. Our investigation shows that absentee-voter laws, where the question has arisen in other states, are strictly construed.

"Going outside of this jurisdiction, we find that the courts have generally taken jurisdiction in election cases and determined the issue. In 107 A. L. R. 615, is an extended note. The case cited lays down the following rule:

" 'Madamus lies against a county canvassing board to exclude from its canvass of a primary election any properly challenged absentee votes that cannot be legally counted because the voters were never legally registered or otherwise not entitled to vote.' (Syl. ¶ 1.)

"The note reviews the cases from all of the states in the union, and the rule appears to be that mandamus is the proper remedy to require an election board to perform its duty and that the court may require the inclusion or exclusion of ballots when the legality of the ballot and the qualification of the voter is determined, unless it be held that the election board acted judicially without fraud or bad faith."

In response to the request of the court, briefs were submitted on the jurisdictional question alone. The opinion of the court, if I construe it correctly, determines the merits of the controversy, and thus forecloses any debate on the issues raised in the petition.

I respectfully submit the issues tendered in the pleadings are not ripe for determination at this time. I do not think the rights of the plaintiff, as alleged in the petition, should be concluded without an opportunity to be heard on the merits.