No. 39,034

THE STATE OF KANSAS, on the relation of RICHARD A. SWALLOW, County Attorney of Jefferson County, Kansas, *Appellee*, v. HAROLD REED, VERNON J. KESINGER and FRANK CHAMPION, as The District Board of Common School District No. 79, Jefferson County, Kansas,. *Appellants*.

No. 39,057

ANNA PATTERSON, RUTH REED, MILDRED CROPPER and EVELYN WILLIAMSON, *Appellants*, v. HAROLD REED, VERNON J. KESINGER and FRANK CHAMPION, as The District Board of Common School District No. 79, Jefferson County, Kansas, *Appellees*.

(259 P. 2d 238)

Opinion filed July 6, 1953.

*James F. Swoyer, Sr.,* of Oskaloosa, argued the cause and *James F. Swoyer, Jr.,* and *Martha Ann Swoyer,* both of Oskaloosa, were with him on the briefs for the appellants, Case No. 39,057; *Richard A. Swallow,* county attorney, and *James F. Swoyer, Sr.,* and *James F. Swoyer, Jr.,* both of Oskaloosa were on the briefs for appellee in Case No. 39,034.

*Milton P. Beach,* of Oskaloosa, was on the briefs for appellees in Case No. 39,057 and appellants in Case No. 39,034.

The opinion of the court was delivered by

SMITH, J.: These were mandamus actions. They each concern the same common-school-district election. Case No. 39,034 was brought in the name of the state on the relation of the county attorney. Case No. 39,057 was brought in the name of four residents of the district. Each case had the same defendants. The trial court overruled the defendants' demurrer in Case No. 39,034 that was brought in the name of the state on the relation of the county at-

torney and sustained the defendants' demurrer in Case No. 39,057 that was brought in the name of the four residents of the district. They were presented separately in the district court. They were, however, consolidated and submitted together in this court. We shall state the pleadings in the case that was brought in the name of the state on the relation of the county attorney, No. 39,034.

The motion for a writ of mandamus stated the official capacity of the county attorney; that the defendants were the duly qualified district board of Common School District No. 79 in Jefferson county; that at the direction of the defendant board an election was held on June 6th in the district for the purpose of voting upon the proposition of the annexation of the district to Common School District No. 75J at McLouth; that this election resulted in five votes being cast for the annexation and seven votes being cast against it; that the board properly declared the proposition defeated. The motion alleged that on June 6, 1952, at the annual meeting of the district the patrons requested and authorized the board to hold an election for the purpose of voting on the proposition of the annexation of the district to Common School District No. 29 at Oskaloosa; that notwithstanding this the board determined to hold a second election on July 7, 1952, for the purpose of again voting upon the proposition of annexation of the district to 75J at McLouth; that on June 24, 1952, a petition signed by more than twenty-five percent of all the qualified electors of the district was presented to the board requesting it to call an election for the purpose of voting upon the annexation of the district to Common School District No. 29, but the board disregarded this petition and called an election on July 7, 1952, to vote upon the proposition of annexing to District No. 75J; that this election resulted in seven votes being cast for annexation and ten against and the proposition was declared defeated; that on July 7, 1952, a petition signed by more than fifty percent of all the qualified electors of the district was submitted to the board requesting it to call an election for the purpose of voting upon the proposition of the annexation of the district to District No. 29; that the board did call this election for the 24th day of July, 1952; that at this election there was a total of nineteen uncontested and three contested votes cast; that of the uncontested votes eleven were cast for annexation and eight were cast against it; that one Harold H. Lukens, Elizabeth Lukens and Zetta Burgoyne voted at that election after their right to vote was duly and properly challenged

by the director of the board and each of them voted against annexation; that none of those parties whose votes were challenged were qualified electors of the district and were not entitled to vote at the election; that the board acted as election judges but failed to tender to the challenged voters the oath and the questions, as provided by law, and that the board had failed and refused to reject the illegal votes cast or to make the proper report of the election to the county superintendent of public instruction of Jefferson county; that the board had also refused and neglected to comply with the lawful requests of the superintendent concerning the completion of their lawful duties in regard to the election; that these acts of the school board in calling and holding the second election on the proposition of the annexation to District 75J; in permitting persons to vote at the election on July 24 who were not qualified electors of the district and in failing and neglecting to tender to the challenged voters the oath and questions concerning their residence; in failing to reject the illegal votes cast or to make a proper report of the results of the election to the county superintendent and in failing and neglecting to comply with the lawful request of the county superintendent concerning the completion of their legal duties in regard to the election constituted such a violation of the duties of the board as to amount to fraud and bad faith on the part of the board; that proper conduct of the election was a matter in which the public was vitally concerned and the actions of the board would if allowed to continue nullify the true and lawful results of the election and there was no plain and adequate remedy at law.

The prayer of the motion was that the court issue an alternative writ commanding defendants to reject the illegal votes of Harold H. Lukens, Elizabeth Lukens and Zetta Burgoyne cast at the election held on July 24, 1952, for the reason that the parties were not legal residents and qualified voters of the school district, and to make proper report or return of the election to the county superintendent of Jefferson county, all as provided by law.

Two of the defendants named in this motion filed a motion to quash the alternative writ on the ground there was another action pending against the same defendants covering the same causes of action and praying for the same relief and that the motion for a writ of mandamus did not state facts sufficient to constitute a cause of action or to entitle plaintiff to a writ of mandamus against the defendants.

The trial court overruled this motion to quash—hence this appeal by the two defendants.

Defendants argue here that Case No. 39,034 is an election contest case and such cases may not be heard in actions in mandamus. They cite *Burke v. State Board of Canvassers,* 152 Kan. 850, 107 P. 2d 787. That opinion is not authority for the point upon which it is cited. The Burke case pointed out that there was a statutory proceeding referred to as an election contest and held such remedy should have been followed. There are no such proceedings provided for the contest of a common-school-district-election.. (See *Berglund v. Hanna,* 149 Kan. 500, 87 P. 2d 581.) To hold mandamus would not lie in such a case would be to deny the state a means of securing fairness and proper conduct of such an election.

This action is brought in the name of the state by the proper officer to compel defendants to perform what the petition alleges is a ministerial act. The only real question in the case is whether the act the state asks defendants to be compelled to perform is a ministerial one.

The election in question was held pursuant to G. S. 1951 Supp., 72-829. The section provided for the question of annexation of a common-school district being submitted to the electors of the district and provided that the vote should be by ballot. It further provided that if the proposition for annexation should carry the clerk of the school board should transmit copies of the proposition and the vote thereon to the clerk of the board of the annexing district and to the county superintendent having jurisdiction over the two districts. It is clear the only duty of the board should the proposition carry is the purely ministerial one of making the report thereon to the proper officers, also clear that the proposition must be submitted to the electors and the electors only and the election must be by ballot.

Our question concerns the manner in which the election was carried on. This is provided for by statute.

G. S. 1949, 72-401, provides that an annual meeting of the qualified voters of each common-school district shall be held on the second Friday in April of each year. G. S. 1949, 72-402, provides that in such districts special meetings may be called at any time by the board and special meetings shall be called when a petition signed by a majority of the qualified voters of the district is filed with the board requesting it. G. S. 1949, 72-403, provides for the

notice of any annual or special meeting. G. S. 1949, 72-404, provides that any person who shall have been in good faith a resident of the school district for thirty days prior to a common-school-district meeting and who possesses the qualifications of a voter at the general election shall be entitled to vote at any meeting. G. S. 1949, 72-405, provides as follows:

"If any person offering to vote at a common-school-district meeting shall be challenged as unqualified by any legal voter, the chairman presiding shall declare to the person challenged the qualifications of a voter, and if such challenge be not withdrawn, the chairman, who is hereby authorized, shall tender to the person offering to vote the following oath or affirmation: 'You do solemnly swear (or affirm) that you are an actual resident of this school district, and that you are qualified by law to vote at this meeting.' Any person taking such oath or affirmation shall be entitled to vote on all questions voted upon at such meeting."

G. S. 1949, 72-406, enumerates the powers of annual meetings. The first of these is to select a chairman to preside over the meeting in the absence of the director. The 8th is to determine attachment, consolidation and annexation in the manner as now or may hereafter be provided by law. G. S. 1949, 72-406 (a) provides that the qualified voters in special meetings shall have all the powers prescribed for the annual meeting, whichever is specified in the notice of the special meeting with three exceptions, with which we are not concerned. G. S. 1949, 72-1001, provides the officers of a common-school district shall be a director, clerk and treasurer. G. S. 1949, 72-1004, provides that the director shall preside at all meetings of the school district board and at all school-district meetings at which he is present and in his absence the qualified voters present shall select a chairman at such meeting.

It will be seen from these enactments that a common-school-district election is actually carried on at an annual or special meeting of the school district.

From G. S. 1949, 72-405, it is clear that is the duty of the chairman when a person offering to vote is challenged and if the challenge be not withdrawn to tender a specified oath to the proposed voter.

In this case the three voters in question were challenged on the ground that they were not residents of the district. The statute sets out the qualifications of an elector. It, therefore, became the duty of the chairman at this meeting to tender the oath specified in G. S. 1949, 72-405, to these three people when their vote was challenged.

His failure to do this, as alleged in the petition, was the failure to perform a ministerial duty. He had no discretion as to this duty. The filing of this action is the first opportunity afforded the state to take any action with reference to this election. The three challenged voters were sufficient to change the result of this election. They should not have been permitted to vote with the challenge having been made unless the oath was tendered.

This case is analogous to *Littell v. Millemom*, 154 Kan. 670, 121 P. 2d 233, in that the election resulted in a tie. The right of certain persons to vote on account of nonresidence had been challenged. The director tendered them and they subscribed to the oath required by G. S. 1949, 72-405. The district court and on appeal this court considered whether the challenged persons were actually qualified electors. The question of the forum of the action was not raised. The important fact is, however, that the courts did consider and decide the question of whether the challenged persons were qualified electors.

It was the duty of the board to count all the valid votes tendered. There was no discretion involved. Either the voters were qualified or they were not. When the challenge was made and the director refused to perform his clear, legal duty and tender the oath he evinced a determination to disregard all questions that might be raised as to the qualifications of voters at this election. An official charged with the ministerial duty in regard to an election may not thus frustrate the intent of the statute. This action affords the only means by which the question of whether these three voters were in good faith residents of the district may be litigated.

The situation is much the same as though the proposition had carried and the school board had arbitrarily refused to make the report required. No one would argue they could not be compelled by mandamus to do so. Here the only thing remaining to be decided is the question of whether these voters were qualified by residence. Should the trial court decide they were legal electors, then the result of the election was a tie. Should it decide on the other hand they were not, then the proposition carried and such result should be declared and the proper reports made. At any rate, this motion for a writ brings the question before the court where it may be determined.

All these considerations even without the allegations of fraud and bad faith on the part of defendants we find in the petition are suffi-

cient to warrant the trial court overruling defendants' demurrer to plaintiff's petition.

Since the above result has been reached in Case No. 39,034, it will only be necessary to remark that in Case No. 39,057 the trial court correctly held that the individual plaintiffs could not maintain the action.

The judgment in Case No. 39,034 is affirmed. The judgment in Case No. 39,057 is affirmed.