No. 39,182

FRANK J. HIGH, *Appellee,* v. ELMER JONES, *Appellant.*

(265 P. 2d 857)

Opinion filed January 23, 1954.

*Lee Hornbaker,* Junction City, argued the cause, and *H. W. Harper* and *Frank Bien,* both of Junction City, were with him on the briefs for the appellant.

*Paul H. Royer* and *Robert H. Royer,* both of Abilene, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH J.: This is a quo warranto action. Defendant's demurrer to the petition of plaintiff was overruled. He appeals.

The action was brought to determine the plaintiff's right to the office of member of the board of trustees of a community high school district. The election was held pursuant to Chapter 395, Laws of 1951, Section 50. That entire section provides for the nomination and election of such trustees. Amongst other provisions therein is one that these boards shall consist of six members, three of whom shall be elected at each regular biennial election. It will be noted the result of this is there are three hold-over members at each election. There is a further provision that not more than two members shall be elected from the same municipal township. It seems clear the above provision was intended to prevent a controlling number of the board members being from some more thickly populated section of the district, such as might easily occur where one of the townships comprising the district contained a city. The section contains the following proviso:

"In community high-school districts comprising less than an entire county, three members of the board of trustees shall be elected at each general election from the district at large: *Provided,* That in districts including three or more municipal townships and wards of an incorporated city, not more than two members shall be residents of the same township or ward at any time. The names of the six candidates receiving the highest number of votes in the primary election shall be placed on the ballot at the general election and the three receiving the highest number of votes at said general election shall be declared elected community high-school trustees: *Provided,* That in districts including three or more municipal townships and wards of an incorporated city, if the election of any of said three candidates results in more than two members from the same township or ward, in his stead the candidate from another township or ward having the next highest number of votes shall be declared elected." (Session Laws 1951, ch. 395, § 50.)

This was clearly put in the statute so as to provide a means of carrying into effect the provision already mentioned—that there should never be more than two members on the board from one township or ward. Thus where the canvass of the votes cast for the office would show that should the three candidates receiving the greatest number of votes be declared elected, the result would be three members from the same township or ward, instead of declaring those three elected the candidate from some other township receiving the next highest number should be declared one of those elected. Without passing on the correctness of the above, that is the theory upon which plaintiff brought this action.

The petition alleged facts sufficient to present a situation where of the three candidates receiving the greatest number of votes two

were from Noble township. One of them was Jones, the defendant. High, who was from another township than Noble, received the fourth highest number of votes. One of the hold-over members was also from Noble township. The result was the petition stated that as the county commissioners found and issued the certificates of election there would be three members from Noble township. Under such circumstances plaintiff pleaded that he, pursuant to the provisions of Chapter 395, Laws of 1951, Section 50, was entitled to the office. It is not a county office. There are no provisions for a contest—hence this quo warranto action was brought. (See *Berglund v. Hanna,* 149 Kan. 500, 87 P. 2d 581.)

Quo warranto is provided by G. S. 1949, 60-1601. G. S. 1949, 60-1602, provides quo warranto may be brought

"*First,* When any person shall usurp, intrude into or unlawfully hold or exercise any public office, or shall claim any franchise within this state, or any office in any corporation created by authority of this state."

And

"*Sixth,* For any other cause for which a remedy might have been heretofore obtained by writ of quo warranto, or information in the nature of quo warranto."

All concede there are circumstances where quo warranto must be brought by the state on the relationship of the county attorney or attorney general. (See G. S. 1949, 60-1603.) Equally well settled is the rule that where a person has an interest in an office distinct from that of the general public the action may be brought in the name of that person. This is such an action. This action was brought against Jones and the other trustees. Jones filed a motion to dismiss as to the other trustees. It was sustained. The action went ahead against defendant Jones. Jones then filed a motion for an order striking certain allegations from the petition. This was overruled. Defendant Jones demurred to the petition on the ground the plaintiff had no legal capacity to sue or maintain the action and the petition did not state facts sufficient to constitute a cause of action. This demurrer was overruled—hence this appeal.

The defendant relies on certain provisions of G. S. 1949, 60-1603. He pointed to the provision at the end of that section that—

"Where the action is brought by a person claiming an interest in the office, franchise or corporation, or claiming any interest adverse to the franchise, gift or grant, which is the subject of the action, it shall be prosecuted in the name and under the direction, and at the expense of such person. . . ."

Defendant candidly states that if defendant had alleged in his

petition that it was maintained by the plaintiff at his own expense, and under his direction, the petition would be good. He argues, however, since there is no allegation in the petition that such conditions were complied with, his demurrer was good. This argument is not good. In the first place, it is clear the action is brought in the name of the party plaintiff. It is assumed that the party who brought the action has the direction of it. The costs of the action may be assessed against the losing party as a matter of course. No reason appears why such would not be the case here. Certainly it could not be said the contrary appears on the face of the petition. The same may be said of the requirement that the action must be at the direction of plaintiff.

Defendant stated as one of the grounds for the demurrer that the petition did not state a cause of action. He did not argue it in this court, however. Defendant argues that the trial court erred in overruling his motion to strike certain allegations from the petition. We have examined these allegations and conclude the motion to strike them was correctly overruled.

The judgment of the trial court is affirmed.