No. 22,197.

F. A. Maynard, *Appellee*, v. The Planters State Bank (and The State Bank of Lehigh, *Appellant*).

SYLLABUS BY THE COURT.

1. Jurisdiction—*Motion to Dismiss Denied—No Final Judgment—No Appeal.*  Prior to a final judgment, an appeal will not lie from an order overruling a motion to dismiss on the ground that the plaintiff has improperly named a resident of the county as a defendant solely to give jurisdiction to serve the real defendant with a summons in another county.

2. Same.  If the court had jurisdiction of the appeal, an affirmance would probably result on the ground that the issues of fact presented by the motion were those on which the merits of the case depended, and which were not triable in a summary way.

3. Same—*Corporation—Service of Summons—Waiver.*  After such a motion has been presented it seems too late to raise an objection going merely to the manner of service.

Appeal from Saline district court; Dallas Grover, judge. Opinion filed July 5, 1919.  Dismissed.

Maynard v. Bank.

*D. W. Wheeler, J. E. Wheeler,* both of Marion, and *C. W. Burch,* of Salina, for the appellant.

*J. F. Corder, F. T. Knittle,* and *Ralph Knittle,* all of Salina, for the appellee.

The opinion of the court was delivered by

MASON, J.: F. A. Maynard filed in the district court of Saline county a petition against the Planters State Bank, which is located in Salina, and the State Bank of Lehigh, which is in Marion county. The Planters State Bank was duly served with summons in Saline county, and a summons was issued to the sheriff of Marion county, which was returned with his indorsement to the effect that he had served it upon the State Bank of Lehigh. That bank, limiting its appearance to the purposes of the motion, moved to quash the service of summons upon it and dismiss the action because the Planters bank had been made a party solely as a means of suing the Lehigh bank in Saline county. On this motion the Lehigh bank introduced evidence the purpose of which was to show, and which may be regarded as showing, that in fact no cause of action existed against the Planters bank—that whatever claim the plaintiff had was against the Lehigh bank alone. The motion was overruled, and the Lehigh bank appeals.

1. The case has been argued here upon its merits, the jurisdiction of this court not having been questioned by the appellee. It is obvious, however, that the appeal cannot be entertained, because the decision overruling the motion to quash the service and dismiss the case is not a final order as defined in the code, and is not made appealable by the statute. (*Oil Co. v. Beutner,* 101 Kan. 505, 167 Pac. 1061.)

2. Nevertheless, it may serve some purpose in the further progress of the litigation for the court to express its views upon the matters that have been argued, although for the reason stated the expression cannot amount to a decision. The right of the plaintiff to sue the Lehigh bank in Saline county, over its objection, depends upon whether it has a valid claim against the Planters bank on the same demand which it is asserting against the Lehigh bank. If in a trial on the merits that turns out not to be the case, he cannot obtain a judgment against the Lehigh bank. (*Marshall v. Land Co.,* 75 Kan. 445,

89 Pac. 905; *Hembrow v. Winsor,* 94 Kan. 1, 145 Pac. 837.) The petition alleges that the plaintiff employed the two banks to collect a draft for him and remit the proceeds; and that they made the collection and refused to account for it. These allegations, liberally construed in favor of the plaintiff, would seem to show facts sufficient to justify the joinder. The Lehigh bank seeks by evidence to show that as to the Planters bank, at least, they are clearly not true, and therefore that the joinder is bad—that the action cannot be maintained in Saline county against the Lehigh bank because the cause of action pleaded against the Planters bank does not actually exist—is not well founded in fact. Although the Lehigh bank is in a sense concerned in this issue only because the plaintiff's right to sue it in Saline county is determined thereby, as between the plaintiff and the Lehigh bank it is the only matter to be tried. The plaintiff, as well as the Planters bank, has a right to insist that this issue shall be settled only in a full trial on the merits, where a jury may be demanded, and the credibility of the witnesses may be tested by cross-examination. It cannot be compelled to allow such an issue to be decided on a summary hearing on a motion, where *ex parte* affidavits are admissible in evidence. (*Linney v. Thompson,* 44 Kan. 765, 25 Pac. 208.)

If the plaintiff should amend his petition so as to set out in detail the precise facts upon which he relies, the Lehigh bank could doubtless, by demurrer, raise the questions of law sought to be presented here, in such a way that a decision, capable of review on appeal, could be had before the issues of fact are tried. Otherwise, he must take the risk of failing to recover in this action against the Lehigh bank, although his claim against it is found to be meritorious, unless he also establishes his demand against the Planters bank.

3. In this court the Lehigh bank calls attention to the fact that the return of the Marion county sheriff fails to show, either that a copy of the summons was delivered to its chief officer, or that such delivery was excused. That defect was not pointed out in the motion, nor was it called to the attention of the trial court. Otherwise it could have been readily remedied, and probably would have been. It seems quite clear that, while the procedure followed by the Lehigh bank does not amount to a general appearance in such sense as to preclude it from

objecting to the venue, an objection going merely to the form of service ought not now to be open to it.

The appeal is dismissed.