King v. Ingels.

No. 26,777.

SAM T. KING et al., *Appellants*, v. R. T. INGELS et al., *Appellees.*

SYLLABUS BY THE COURT.

1. APPEARANCE—*General or Special Appearance—Motion Raising Issue of Law.* Rule followed that where a defendant in an action appears specially to challenge the court's jurisdiction by a motion to quash the service of summons, and in such motion raises an issue of law or fact directed to the merits of the action, he thereby enters a general appearance and his motion to quash should be overruled.

2. SAME—*General or Special Appearance — Motion in Substance a Demurrer.* Where nonresident defendants filed a motion to quash the service of summons in an action in which they were joined with a defendant upon whom valid local service of summons was obtained, an allegation in such motion that plaintiffs' petition "fails to state any cause of action against the said [local defendant] J. C. Burrus, and these [nonresident] defendants, or any of them," is in substance a demurrer and has the effect of a general appearance in the action.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed November 6, 1926. Reversed.

*J. S. Simmons, Stuart Simmons* and *Alva L. Fenn,* all of Hutchinson, for the appellants.

*C. M. Williams, D. C. Martindell* and *W. D. Carey,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:  This was an action to recover a real-estate dealer's commission on the exchange of an apartment building in Wichita for land in western Kansas.

Plaintiff's petition alleged that they had been employed by defendant R. T. Ingels to find a purchaser or a satisfactory trade for the apartment house. Ingels gave plaintiffs the exclusive right for five months to sell or negotiate a trade for the property, and plaintiffs were to receive $10,000 as commission in the event of their success.

The plaintiff, Sam T. King, senior member of plaintiff's firm of real-estate dealers, presented the proposition to William Moncrief, of Dodge City, owner of much western Kansas land. King also presented the matter to George D. Cochran and J. C. Burrus, of Dodge City, real-estate dealers and agents, for the disposal of Moncrief's

Appearances, 4 C. J. pp. 1338 n. 75, 1340 n. 94; 2 R. C. L. 329.

land. Moncrief became interested, and he and his Dodge City agents promised to investigate the Wichita property to determine if a trade could be made. Plaintiffs immediately advised Ingels that they had interested Moncrief, they gave him Moncrief's name and the names of his agents, and also the location and description of Montcrief's lands, and told him that Moncrief and his agents would soon come to Wichita to see the apartment house.

Plaintiffs further alleged that shortly thereafter, Moncrief, Cochran and Burrus went to Wichita and effected an exchange of properties with Ingels, but at the same time they all entered into a conspiracy with the latter to defraud plaintiffs out of their commission. Accordingly the defendants agreed to report to plaintiffs and did report to them that Moncrief was not satisfied with the Wichita property and that no trade could or would be made. In furtherance of the same conspiracy, Ingels and Moncrief kept the deeds exchanging their properties off the records, and Moncrief retained the same agent to collect the rents on the apartment house who had theretofore collected those rents for Ingels.

Plaintiffs further alleged that about a year elapsed before they learned that the negotiations instituted by them had culminated in an exchange of properties between Ingels and Moncrief, and that at the time such trade was effected Ingels was solvent and could have paid, or have been made to pay, the commission to which plaintiffs were entitled, but ere plaintiffs learned that the trade had been effected Ingels had become insolvent. The petition concluded with a prayer for judgment against the defendants for the $10,000 which plaintiffs were prevented from collecting from Ingels by the fraudulent acts of Moncrief, Cochran and Burrus.

This action was begun in the district court of Reno county, and summons was issued for J. C. Burrus and service made on him in Reno county. Summons was issued for George D. Cochran and William Moncrief to Ford county, and service made on said defendants in Ford county. Summons was issued for R. T. Ingels to Sedgwick county, and served on him in Sedgwick county.

Burrus filed a lengthy answer making certain admissions and denying that he had any part in the alleged conspiracy to defraud plaintiffs out of their commission, and set up certain allegations in the nature of a claim against Moncrief for his own services in effecting the exchange of properties between Moncrief and Ingels.

Defendants Cochran and Moncrief filed this pleading:

"Come now George D. Cochran and William Moncrief, named as defendants in the above-entitled action, and make a special appearance herein for the purpose of this motion, and this motion only, and move the court to quash and set aside the service of summons upon these defendants, for the following reasons to wit:

"1. These defendants reside in Ford county, Kansas, and the only service of summons had herein upon them was in Ford county, Kansas; the only defendant in the above entitled action who has been served with summons in Reno county, Kansas, is the defendant, J. C. Burrus; the petition herein fails to state any cause of action against this said J. C. Burrus, and these defendants, or any of them; and the service of summons on the said J. C. Burrus in Reno county, Kansas, did not confer jurisdiction to send summons to Ford county, Kansas, to be served upon these defendants.

"2. No cause of action was rightly brought or begun in Reno county, and the serving of summons on these defendants in Ford county, Kansas, has not given the Reno county district court any jurisdiction over these defendants."

Defendant Ingels filed a pleading entitled "Special Appearance and Motion," in which he stated that he was a resident of Sedgwick county, and in other particulars it contained substantially the same recitals as those urged by defendants Cochran and Moncrief.

On the presentation of these motions, the trial court quashed the summons issued to Ingels, Cochran and Moncrief, on the ground "that the petition does not state any cause of action against J. C. Burrus, the defendant summoned in Reno county." Plaintiffs appeal.

Was this ruling correct? It is elementary law that a plaintiff cannot ordinarily get an unwilling adversary into court without valid personal service upon him in the jurisdiction in which the action is begun, nor can he accomplish that end by joining as defendant some mere nominal party upon whom personal service can be had in that jurisdiction when the plaintiff has in fact no *bona fide* cause of action against the defendant so nominally joined. (*Brenner v. Egly*, 23 Kan. 123; *Rullman v. Hulse*, 32 Kan. 598, 5 Pac. 176; 33 Kan. 670, 7 Pac. 210; *Hawkins v. Brown*, 78 Kan. 284, 97 Pac. 479, syl. ¶ 4; *Hembrow v. Winsor*, 94 Kan. 1, 145 Pac. 837.)

To make the service in this case good as to Cochran, Moncrief, and Ingels, it was essential that a *bona fide* cause of action be stated in plaintiffs' petition against Burrus and that the action be rightly brought against Burrus in Reno county. (R. S. 60-2502.) Otherwise it would be necessary for plaintiffs to sue these other defendants in the county in which some one of them resided or might be summoned. (R. S. 60-509.) And so if defendants Cochran, Moncrief and Ingels had limited their motion to quash to a simple challenge

of the court's jurisdiction, the ruling of the trial court in their favor might have been unassailable.

But these defendants did not so limit the recitals of their motion to quash. They pleaded—

*"The petition herein fails to state any cause of action against the said J. C. Burrus, and these defendants, or any of them."*

The italicized recital in this pleading was in substance a demurrer to plaintiffs' petition. It raised a question of law on the merits of the action, and invoked the judgment of the court thereon; and in consequence the filing of such a pleading had the effect of a general appearance. (*Wells v. Patton,* 50 Kan. 732, 33 Pac. 15; *Carter v. Tallant,* 51 Kan. 516, 519, 32 Pac. 1108; *Meador v. Manlove,* 97 Kan. 706, 710, and citations, 156 Pac. 731; *Makemson v. Edwards,* 101 Kan. 269, 166 Pac. 508. See, also, citations in *Butter Tub Co. v. National Bank,* 115 Kan. 63, 71, 166 Pac. 508.)

It follows that the judgment of the district court must be reversed and the cause remanded for further proceedings.

The judgment is reversed.