No. 33,911

C. M. VOELKER, *Appellee* and *Cross-appellant*, v. THE BROADVIEW HOTEL COMPANY, *Appellant* (SKELLY OIL COMPANY, *Appellee*).

(81 P. 2d 36)

Opinion filed July 9, 1938.

*W. P. Waggener, O. P. May, B. P. Waggener, Ralph Hope,* all of Atchison; *Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson* and *Henry L. Butler,* all of Wichita, for the appellant.

*Ralph U. Pfouts* and *Steadman Ball,* both of Atchison, for appellee C. M. Voelker; *W. P. Waggener, O. P. May, B. P. Waggener* and *Ralph M. Hope,* all of Atchison, for appellee Skelly Oil Company.

The opinion of the court was delivered by

HARVEY, J.: This was an action for damages for personal injuries. The jury answered special questions and returned a general verdict for plaintiff and against the Broadview Hotel Company for $3,000, from which the hotel company has appealed. It also returned a general verdict against the plaintiff and in favor of the Skelly Oil Company, from which plaintiff has appealed.

Very generally the facts may be stated as follows: Plaintiff resides in Atchison county. In May, 1936, he was an officer of the state oil department, with headquarters in Topeka. His duties required a considerable amount of travel, usually by automobile. He had an arrangement with the Skelly Oil Company by which it had issued to him a credit card which enabled him to buy on account the products of the Skelly Oil Company of any garage or oil station where they were sold and have a statement of his purchases sent him periodically from the Kansas City office of the Skelly Oil Company. The Skelly Oil Company has agents at various places in the state of Kansas upon whom service of summons can be made in an action such as this is. One of such agents is at Atchison. The Broadview Hotel Company is a corporation organized under the laws of this state, domiciled at Wichita, in Sedgwick county, where it operates the Broadview Hotel. It has no agents in any other county in the state. At the time in question one Robert F. Wilson operated an oil station and garage for the storage of cars under the name of the Broadview Garage, directly across the street from the Broadview Hotel, and he had a contract with the hotel company by which, among other things, he agreed to store automobiles of the guests of the hotel for a stated sum per month. On the evening of May 8, 1936, plaintiff, accompanied by Mr. Purcell, another officer of the state oil department, left his car at the Broadview Garage for storage, asked the attendant to fill it with Aromax gasoline, a product of the Skelly Oil Company, and to grease it ready for him in the morning, and was told that would be done, and he was given a storage ticket. He and Mr. Purcell then went across the street to the Broadview Hotel, where they registered and stayed all night. Near the clerk's desk, and in their room, was displayed printed information that the storage of automobiles at the Broadview Garage was free to guests of the Broadview Hotel. Early the next morning he paid his bill at the hotel and went to the garage for his car. He gave his storage ticket to some man in front of the garage, who asked him if he could locate his car. He said he thought he could, and went back into the storage room of the garage for that purpose. In doing so he tripped and fell over or into a grease pit in the garage and sustained personal injuries for which this action was brought.

The action was brought in Atchison county, where service of summons was had upon an agent of the Skelly Oil Company and a summons for the Broadview Hotel Company was sent to the sheriff

of Sedgwick county, where it was served upon an officer of the hotel company. We find it necessary now, in view of the separate claims of liability, the separate results, and the separate appeals, to deal with the case as to each defendant.

As to the Skelly Oil Company, plaintiff alleged Wilson was its agent "in the matter of furnishing service to automobiles and vending gasoline, oil and automobile supplies." This allegation of agency was denied under oath. The evidence disclosed that Wilson rented the building, with its equipment, including gasoline service pumps, from R. G. Kirkwood, who owned the building; that he purchased outright, for resale, gas, oil and greases from various oil companies; that at the time in question he was so purchasing gasoline from the Skelly Oil Company and oils and greases from that company and several others. There was nothing to show any agency relation between Wilson and the Skelly Oil Company more than there would be between any retailer of merchandise and the wholesaler or producer from whom he purchased for cash. As tending to show agency, counsel for plaintiff stressed the fact that Wilson honored his credit card with the Skelly Oil Company; that in due time he received from the Skelly Oil Company, from its Kansas City office, a statement of his account, which included the gasoline and grease sold him by Wilson. The point is not well taken. The evidence is that Wilson honored such credit cards of eleven oil companies, and on a placard in his office that fact and the names of the oil companies were stated, and that Wilson simply turned this item in as so much cash on his purchase of the products of the Skelly Oil Company. The jury specifically found that Wilson was not the agent of the Skelly Oil Company. We think no other finding could have been made under the evidence. The trial court approved it. Plaintiff complains that the court refused to give his requested instruction to the effect that the agency of Wilson for the Skelly Oil Company might be inferred from the facts and circumstances and did not have to be established by direct proof. There was no error in the court's ruling on this point. Here all the facts and circumstances tended to disprove such an agency.

While there is no cross-appeal on behalf of the Skelly Oil Company, its counsel point out that in fact the petition in this case did not state a cause of action against the Skelly Oil Company. At the most, the liability of the Skelly Oil Company as disclosed by the petition was that Wilson was its agent for the sale of gas, oils

and greases and servicing automobiles therewith. The petition does not allege that plaintiff sustained any injury by reason of any such agency, if it existed. His injury was sustained in connection with the storage of his automobile, concerning which the petition does not allege the Skelly Oil Company had anything to do, or that Wilson was its agent for the purpose of storing cars.

The Broadview Hotel Company first filed its special appearance and motion to quash the service of summons upon it on the ground that it is a corporation, with its principal place of business in Sedgwick county; that it had no agent in Atchison county; that Wilson was not in fact the agent of the Skelly Oil Company, and that plaintiff's petition stated no cause of action against the Skelly Oil Company, and hence there was no basis for the issue of a service of summons for the defendant to be served in Sedgwick county. At the hearing of this motion affidavits tending to substantiate its allegations were presented, and the motion overruled.

In sending this summons to Sedgwick county for service apparently plaintiff was attempting to act under G. S. 1935, 60-509 and 60-2502. These sections apply to actions in tort as well as actions on contract. (*Reiff v. Tressler,* 86 Kan. 273, 276, 120 Pac. 360.) It is essential, however, that the action be bona fide against the resident of the county in which it is brought (*King v. Ingels,* 121 Kan. 790, 250 Pac. 306), for the general rule is that actions in personam can be brought only in the county in which defendant resides or may be summoned. (*Heston v. Finley,* 118 Kan. 717, 720, 236 Pac. 841; *State, ex rel., v. Miley,* 120 Kan. 321, 326, 243 Pac. 262; *King v. Ingels,* supra.) At the suggestion of counsel for plaintiff, acquiesced in by counsel for the hotel company, the question of the good faith of plaintiff in bringing this action against the hotel company in Atchison county was submitted to the court as a question of law rather than to the jury as a question of fact, although the fact this was done may be of no special importance in this case.

In the briefs and arguments quite a little is said about the good faith of plaintiff in this regard, and the hotel company offered some evidence on that question, which is stressed by its counsel. But as we view the record it is not necessary to impugn the motives of plaintiff or his counsel. As previously indicated, the Skelly Oil Company contends the petition never did state a cause of action against it, and the hotel company in its motion to quash the summons made the same contention. Examining the petition, we think

the point is well taken. The petition alleges that Wilson was the agent of the Skelly Oil Company for the sale of its products and servicing cars therewith; that Wilson was the agent of the Broadview Hotel Company for the purpose of storing automobiles of the guests of the hotel, and that plaintiff's injuries occurred in connection with the storage of his automobile. Passing the fact that the evidence disclosed and the jury found Wilson was not the agent of the Skelly Oil Company for any purpose, and taking the allegations of the petition as they were made, it seems clear that the petition did not state a cause of action against the Skelly Oil Company. The only cause of action the petition stated, if any, was one against the Broadview Hotel Company. The venue of that action was in Sedgwick county, and the hotel company had a right to be sued in that county, if at all. It goes without saying, irrespective of the motives of plaintiff or his counsel, that a petition which seeks a personal judgment only, which does not state a cause of action against the resident defendant, is insufficient to authorize the sending of a summons to another county to be served upon another defendant. To permit that to be done would render nugatory the provisions of our statute (G. S. 1935, 60-509), which assures one that he can be sued only in his own county in such an action. The authorities accord with this view. In *King v. Ingels*, supra, it was said:

"It is elementary law that a plaintiff cannot ordinarily get an unwilling adversary into court without valid personal service upon him in the jurisdiction in which the action is begun, nor can he accomplish that end by joining as defendant some mere nominal party upon whom personal service can be had in that jurisdiction when the plaintiff has in fact no bona fide cause of action against the defendant so nominally joined. (*Brenner v. Egley*, 23 Kan. 123; *Rullman v. Hulse*, 32 Kan. 598, 5 Pac. 176; 33 Kan. 670, 7 Pac. 210; *Hawkins v. Brown*, 78 Kan. 284, 97 Pac. 479, syl. ¶ 4; *Hembrow v. Winsor*, 94 Kan. 1, 145 Pac. 837.)" (p. 792.)

The result is, the special appearance and motion to quash the summons filed by the Broadview Hotel Company should have been sustained. Since the hotel company had no right to appeal from the order of the court overruling this motion it did not waive the question by answering and going to trial. (*Oil Co. v. Beutner*, 101 Kan. 505, 167 Pac. 1061; *Clingman v. Hill*, 104 Kan. 145, 178 Pac. 243; *Maynard v. Bank*, 105 Kan. 259, 182 Pac. 542.)

The Broadview Hotel Company contends there was error in the trial of the case on its merits. We find it unnecessary to go into

these questions, if, indeed, it would be proper to do so. There was no legal reason for trying this case against the hotel company in Atchison county, and all that was done in the trial court after it ruled erroneously on the motion to quash the summons should be set aside.

The result is, the judgment of the trial court as it pertains to the Skelly Oil Company should be affirmed, and as it pertains to the Broadview Hotel Company should be reversed with directions to sustain its motion to quash the summons and to dismiss the action as to it. It is so ordered.