No. 35,665

Susie Volok, *Appellee,* v. McCarter Truck Line, Paul E. McCarter and A. W. McCarter, *Appellants.*

(131 P. 2d 713)

Opinion filed December 12, 1942.

*E. S. Hampton,* of Salina, argued the cause, and *C. R. Holland,* of Russell, *C. W. Burch, B. I. Litowich, LaRue Royce, L. E. Clevenger* and *R. E. Haggart,* all of Salina, were on the briefs for the appellants.

*Jerry E. Driscoll,* of Russell, argued the cause, and *Harold W. McCombs,* of Russell, was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is an automobile collision case. Verdict was for the plaintiff, whose husband was killed in the accident. The verdict was set aside and a new trial ordered. The appeal is by the defendants from various orders and decisions presently to be noted.

The collision occurred in Russell county. The decedent was killed when the car he was driving, alone, ran into the rear end of a truck. The truck was owned and operated by the appellants, two brothers doing business as a partnership under the name of the McCarter Truck Line. The American Fidelity & Casualty Co., a foreign insurance company doing business in Kansas, was joined as a defendant in the action. Trial was had in Russell county, where the collision occurred and where the plaintiff resided. At the close of plaintiff's evidence a demurrer of the insurance company was sustained and it went out of the case. In addition to its verdict for the plaintiff the jury answered special questions submitted. After overruling the demurrer and various motions of the defendants the court, on its own motion, set aside the verdict and the answers to the special questions and ordered a new trial, stating frankly its reasons for dissatisfaction with the verdict and answers. We need not recite the court's comment in full. In substance the court stated that it did not feel that on the record it could justly render judgment for either party.

We are met at the outset with a question of jurisdiction—whether the appellants could properly be sued in Russell county. Our conclusion on that question makes it unnecessary to extend this opinion by lengthy recital of the evidence as to the facts and circumstances incident to the collision.

Appellants, the McCarter brothers, reside in Shawnee county. Their office is in Topeka. Service was had upon the insurance company, through the insurance commissioner, under the provisions of G. S. 1935, 40-218. Appellants were served by summons sent to Shawnee county.

Appellants contended, from the start, that the only proper venue for this action was in Shawnee county, where they reside and could be summoned (G. S. 1935, 60-509). Jurisdiction was challenged by motion to quash the summons, by answer, by objection to the introduction of testimony, by demurrer to the evidence, by motion to discharge the jury and dismiss the action, by motion for a directed

verdict, by motion for judgment notwithstanding the verdict and by "demurrer to the entire record."

Had the insurance company remained in the case as a codefendant a different situation would have been presented, venue in Russell county being predicated upon the provisions of G. S. 1935, 40-218 and 60-509. But when the insurance company ceased to be a defendant the question of jurisdiction as to the remaining defendants, who had not waived jurisdiction, was to be determined as though the insurance company had not been joined as a defendant in the first instance (*Voelker v. Broadview Hotel Co.*, 148 Kan. 326, 329, 330, 81 P. 2d 36, and cases there cited; *King v. Engels*, 121 Kan. 790, 792, 250 Pac. 306). Appellee argues on this point that the demurrer of the insurance company should not have been sustained. But no appeal or cross-appeal was taken on that issue and it is not before us. There is obviously no way, on this record, that we can treat the question of jurisdiction as though the insurance company were still a party defendant.

It was alleged in the petition, and is admitted, that the McCarters are "contract carriers" — both interstate and intrastate. Under our statute relating to the regulation of motor carriers (particularly chapter 66, article 1, G. S. 1935) three classes of carriers—made subject to the payment of mileage fees and other regulation—are defined, namely: "public carriers," "contract carriers" and "private carriers." (G. S. 1935, 66-1,108.) "Public carriers" are common carriers both by the terms of the definition and by specific declaration in section 66-1,110, G. S. 1935. "Contract carriers," on the other hand, do not "hold themselves out" to serve the public generally for hire or have other essential characteristics of common carriers. They serve only certain patrons—one or more—under contract and are subject only to limited regulation. Under the provisions of 66-1,110, *supra*, "public carriers" by highway are made subject generally to the laws of the state "pertaining to public utilities and common carriers as far as applicable and not in conflict herewith." No such provision of law applies to "contract carriers" and as far as the instant issue of jurisdiction is concerned the appellants are in no different class than individuals generally. Appellee invokes the provisions of section 60-505, G. S. 1935, which reads in part as follows:

"An action against a railroad company or interurban railway company, or pipe line, or telegraph or telephone company, *or an owner of a line of mail*

*stages or other coaches* for any injury to persons or property upon the road or line or upon a liability as carrier, may be brought in any county through or into which said road or line passes . . ."

Her contention is that the two or more trucks operated by appellants are covered by the words (*supra*) "line of mail stages or other coaches" and that under that statute action could be brought against the appellants in any county through which their trucks pass. We need not weigh the words upon which appellee relies. It is clear both from the terms, the context and the history of 60-505 that it was intended to apply only to common carriers, and it has never been interpreted otherwise. The appellants not being common carriers, and the insurance company having gone out of the case, it is clear that action could be maintained against them only in Shawnee county.

One question remains. Is this question of jurisdiction here for review, in view of the fact that a new trial was ordered and no final judgment now stands against the appellants? It is well settled that prior to final judgment the overruling of motions to quash the summons, objection to introduction of evidence, and to dismiss, are not final orders, or subject to review upon appeal. (*Voelker v. Broadview Hotel Co.*, supra, and cases cited, p. 330.) On the other hand, the overruling as well as the sustaining of a demurrer is appealable under our code. (G. S. 1935, 60-3302, *Second.*) We think it entirely clear, upon examination of the "motion to quash" that it constituted more than a motion to quash the summons for technical defects or for mere irregularity of some sort. In substance it constituted a clear challenge to the sufficiency of the petition to give jurisdiction to the court over the persons of the defendants. It is the substance and not the name given to a written instrument which determines its character. Under our code the first ground provided for a demurrer to a petition is that the petition shows on its face "that the court has no jurisdiction of the person of the defendant." (G. S. 1935, 60-705.) That issue was definitely stated and urged in the "motion." The motion contained the following:

"This action, as appears from the petition herein, is one which must be brought in accordance with the provisions of section 60-509, General Statutes of Kansas, in some county in which the defendant or some of the defendants reside or may be summoned."

It further alleged that by reason of the facts set out "the court has no jurisdiction of any of said defendants."

The petition showed upon its face, by specific averments, that the appellants were residents of Shawnee county and that they were operating only as "contract motor carriers." We need not consider the question of whether there was jurisdiction by virtue of the fact that the foreign insurance company had been named as a defendant. After the insurance company was taken out of the case, the appellants, in their motion to dismiss—as well as in other motions—specifically incorporated by reference the averments and reasons set forth in the "motion to quash." They thus not only challenged the jurisdiction over their persons in the first instance but renewed the challenge after the insurance company had ceased to be a party defendant. In substance and effect the motions clearly constituted a demurrer to the petition, under the first ground provided in the statute. It follows that the question of jurisdiction is here for review. Other assignments of error need not be discussed.

From what has been said it follows that the judgment must be reversed with directions to dismiss the action for want of jurisdiction. It is so ordered.