No. 36,038

Ole Olsen, *Appellee,* v. Ed Lambert, *Appellant* (National Mutual Casualty Company et al., *Defendants*).

(145 P. 2d 159)

Opinion filed January 22, 1944.

*Guy Lamer,* of Iola, argued the cause for the appellant.

*Kenneth H. Foust,* of Iola, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, J.: This action was instituted to recover damages alleged to have resulted from a collision between two motor vehicles on a Neosho river bridge near the city of Iola.

Pertinent allegations of the amended petition, omitting formal portions thereof, follow: Plaintiff is a resident of Allen county, Kansas; defendant, the National Mutual Casualty Company of Tulsa, is an Oklahoma corporation authorized to do business in Kansas, and defendants Ed Lambert and Grant Murray are residents of Hutchinson, Kan.; on the morning of September 7, 1942, the plaintiff, who was the owner of a Ford V8 automobile, was driving in an easterly direction at a speed of approximately 20 miles per hour on a highway leading into the city of Iola, Kan.; when plaintiff reached the center of a bridge crossing the Neosho river on such highway, Murray, who was driving a 1938 Diamond "T" tractor with trailer attached, and who was also proceeding east on such highway, attempted to pass plaintiff on such bridge and negligently turned his vehicle to the south and into the north side of plaintiff's automobile with the result plaintiff's car was forced into the south cement railing of the bridge and completely wrecked; at the time Murray was an agent for and in the employ of defendant Lambert and was working for him and operating in his regular line of business under a permit granted by the state of Kansas; both Lambert and Murray were insured by the National Mutual Casualty Company of Tulsa, Okla., against any loss or damage caused by either of them as a result of the collision.

The record discloses that no service of summons was had upon Murray and his status as a defendant is of no consequence in deter-

mining the rights of any of the parties. It fails to disclose how service was obtained upon the defendants Lambert and the insurance company, but it does appear, that without the entering of a special appearance, the filing of a motion to quash service, or in any other manner raising the question of whether the court had jurisdiction of the person of such defendants, they filed a joint answer wherein each of them denied generally the allegations of the petition and specifically denied "they were guilty of any negligence on the 7th day of September, 1942, which resulted in any damage to said plaintiff's automobile," and alleged such damages, if any, resulted from the negligence of the plaintiff. The answer filed by defendants was not verified and it contained no allegation or claim the defendants could not properly be sued in the county wherein the plaintiff had instituted his action.

On the issues raised by the amended petition and the answer the case came on for trial to a jury.

The defendants each demurred to the evidence adduced by plaintiff, whereupon, the trial court sustained the demurrer of defendant insurance company and overruled the demurrer of defendant Lambert. From this point in the proceedings Lambert alone remained as a defendant and he will hereinafter, in the interest of brevity, be referred to as "the defendant."

After his demurrer had been overruled defendant, who did not personally appear at the trial or testify as a witness, offered his evidence. That evidence was limited solely by him to proof of the value of plaintiff's automobile on the date of the collision and no testimony of any character was offered to refute other allegations of fact contained in the petition or evidence adduced by plaintiff in support thereof. The jury returned a general verdict for plaintiff. Defendant filed a motion for a new trial, and later, but before such motion was passed upon by the trial court, a motion in arrest of judgment and for a directed verdict. Thereafter, both motions were overruled. Judgment was then entered on the general verdict, from which judgment defendant appeals.

Without detailing the grounds relied upon by appellant on his demurrer to the evidence, his motion in arrest of judgment and for a directed verdict *non obstante veredicto,* his motion for new trial or his specification of errors, it can be stated the principal questions urged by him on this appeal are, (1) there was no competent evidence submitted on behalf of appellee in proof of the fact the truck

driver was the employee and agent of appellant or acting in the scope of his employment and that irrespective of the general verdict the trial court was required to set it aside and render judgment in favor of appellant, and (2) the trial court, under existing facts and circumstances, had no jurisdiction of the person of appellant or jurisdiction to render judgment against him in Allen county, Kansas.

Appellant did not attempt to refute the evidence offered by appellee with respect to the negligence of the driver of the truck and makes no claim here that such negligence was not the proximate cause of the collision. Nor does he contend there was insufficient evidence to justify the jury in fixing the value of the appellee's automobile at the amount stated in the verdict. It follows that if the conditions disclosed by the record did not require agency and authority of the truck driver to be established by evidence in order to support the judgment rendered by the trial court, appellant's first contention cannot be sustained.

Heretofore we have referred to the allegations of the petition which in plain and unequivocal language state that at the time of the collision Murray was the agent for and in the employ of appellant and was working for him and was operating in his regular line of business under a permit granted by the state of Kansas. We have stated appellant's answer was unverified and that except for a general denial the only other allegation therein contained was a specific denial appellant was guilty of any negligence resulting in damage to appellee's automobile and a charge that damage to such automobile, if any, resulted from appellee's own negligence. We have pointed out appellant did not testify as a witness and offered no testimony of any character in denial of the allegations of agency to be found in the petition. We have indicated, and the fact is, appellee filed no reply to appellant's answer. And, while it is not determinative of the question, we call attention to the fact that on this appeal appellant does not pretend to claim Murray was not his agent and employee or he was deprived of an opportunity to present evidence to that effect by the trial court. He bases his claim upon the sole and technical ground that notwithstanding the existence of the factual situation heretofore outlined it is incumbent upon the plaintiff in an action of the character here involved to establish the allegations of agency and authority set forth in his petition by evidence offered at the trial for that purpose. We have concluded our statute and our decisions will not permit approval of the proposition advanced by appellant.

Long ago, the legislature of this state in enacting our present code of civil procedure saw fit to provide (G. S. 1935, 60-729) that certain allegations when incorporated in a pleading were to be taken as true unless denied under oath by a party, his agent or attorney. Included within that category were allegations of any appointment or authority.

It is true, this court has held in many cases that where in an action in which an answer should be verified as required by the statute, if a defendant files an unverified answer and the plaintiff does not challenge the sufficiency thereof but pleads over by filing a reply the plaintiff waives the lack of verification. (See *Livingston v. Lewis*, 109 Kan. 298, 198 Pac. 952; *Cook v Donner*, 145 Kan. 674, 66 P. 2d 587; *Greensburg Production Credit Ass'n v. Buckner*, 152 Kan. 398, 103 P. 2d 881; *Brandtjen & Kluge, Inc., v. Lucas*, 153 Kan. 138, 109 P. 2d 197, and *Schreiner v. Rothgarn*, 154 Kan. 20, 114 P. 2d 834.)

So, also in *Hamson v. Babbit*, 123 Kan. 32, 254 Pac. 332, we held the purposes of a verified answer had been subserved after a defendant had been sworn and testified as a witness and the plaintiff had made no specific objection to the defect in such pleading until it was called to the attention of this court on appeal.

Likewise, it should be noted that in *Collis v. Kraft*, 118 Kan. 531, 235 Pac. 862, it was decided an objection to an answer based on its want of verification, where required by the code, must be clearly and precisely raised so that the trial court can understand it, otherwise no reversible error can be predicated on the ruling thereon.

We have not been unmindful of the principles enunciated in the foregoing decisions and recognize them as applicable to the situations involved in their inception. However, they are not determinative of the question presented in the instant case. Here we have no waiver by pleading over in a reply for no reply was filed. Neither do we have a subservient verification as referred to in *Hanson v. Babbit*, supra, for no witness attempted to deny the agency of Murray under oath or otherwise. Nor do we have a condition similar to that referred to in *Collis v. Kraft*, supra, for the appellee who stands on his allegations of agency seeks to affirm, not, reverse, the judgment of the trial court. What we have here is a case where not only the appellee, the plaintiff below, but the trial court as well, relied upon the plain language of the statute. True enough, ap-

pellant in all motions herein mentioned insisted appellee had wholly failed to prove agency but his position was that because some reference was made to that subject by the witnesses in appellee's case in chief the elicitation of that testimony, even though immaterial under the issues raised by the pleadings, cured the defect in his answer. No such rule prevails. Under the facts and circumstances disclosed by the record appellant's contention is determined by those of our decisions holding that in the absence of a waiver, or some other action, which subserves the purpose of a verified answer the failure to deny allegations of agency under oath admits the agency to the extent such allegations are well pleaded and relieves the party asserting the same from establishing it by affirmative evidence. (See *Stimpson v. Motor Car Co.*, 114 Kan. 363, 365, 219 Pac. 501; *Lumber Co. v. Petroleum Co.*, 116 Kan. 78, 225 Pac 744; *Moore v. Insurance Co.*, 111 Kan. 420, 207 Pac. 760, and *Davidson v. Maryland Casualty Co.*, 126 Kan. 365, 367, 267 Pac. 1001.) To the same effect, although involving an action founded on a written instrument, is *Christy v. Kinsinger*, 149 Kan. 437, 441, 87 P. 2d 615. Also, *Livingston v. Lewis*, supra, which, although it is authority for the rule that verification of an answer may under certain circumstances be waived also recognizes the force and effect of the principle announced in the foregoing cases.

Digressing for the moment from the principal questions raised by appellant we pause long enough to note his position that the court erred in admitting incompetent evidence. During the course of the trial two of appellee's witnesses testified that after some little time officers came out to investigate the cause of the accident and that then Murray, in the presence of a number of persons who were present said: "I am awfully sorry this thing happened, but accidents will happen. Now, my company carries insurance, and today being Labor Day they won't do anything today, but they will have a man here in a couple of days and the whole thing will be straightened up." Appellant objected to this testimony and moved it be stricken as a self-serving declaration and not a proper way to prove agency by the declaration of the employee. The trial court overruled the objection and admitted the evidence, stating that it was admissible as a part of the *res gestae*. Appellant strenuously insists this statement, considering the time and circumstances under which it was made was no part of the *res gestae* and therefore should not have gone to the jury for consideration by it in deter-

mining his liability for the negligence of the driver in causing the collision. Perhaps so. There are many decisions indicating his position is tenable. But, irrespective of whether the trial court's ruling is subject to criticism on the grounds urged, and we do not have the time or space to here determine that question, the admission of such testimony could not have prejudiced appellant's case since agency of the truck driver was admitted by the answer and the jury would have been required to determine that issue in appellee's favor in the absence of any evidence on that subject. The rule is an appellant must show error of the trial court to his prejudice before a judgment will be reversed. (*Phillippi v. Speer*, 152 Kan. 325, 103 P. 2d 777.)

We turn now to the final error assigned by appellant. In his demurrer to the evidence, appellant states, and we concede it to be the fact, notwithstanding the substance thereof does not appear in the record, he not only objected to the sufficiency of the evidence but challenged the jurisdiction of the court. His motion in arrest of judgment and for a directed verdict was based on similar grounds. Prior to that time, without questioning the jurisdiction of the trial court in any manner whatsoever, he had filed answer denying generally the allegations of appellee's petition.

Summarizing, it can be said, his position on this question is that the allegations of the amended petition were so framed that the insurance company was impleaded as the insurer of a contract carrier, which under G. S. 1935, 40-218, would permit the action to be brought in Allen county where the accident occurred. He contends further that when the demurrer of the insurance company was sustained and it went out of the case the trial court then ceased to have jurisdiction of appellant who was a resident of Reno county. We fail to find any merit in this contention. The error in appellant's position arises because of his failure to make a proper differentiation between the question of general jurisdiction of courts over transitory actions and the subject of venue. The mere fact the venue of a transitory action may be fixed by statute, as it is in this case (G. S. 1935, 60-509), in the county where the defendant or some one of the defendants reside or may be summoned, does not mean that the trial of such an action is necessarily limited to the district court of that county or that such action may not be maintained in any other district court. It simply means the venue of such action is that fixed by the legislature if the defendant objects

to any other and has not waived the right to make such an objection.

This court has been required on many occasions to pass upon legal propositions similar to that urged by appellant with respect to jurisdiction of the court over defendants and actions of the character herein referred to. In our decisions there is no exception to the general principle of law that where a party voluntarily appears and submits himself to the jurisdiction of the court he thereby waives all irregularities which may have intervened in getting him into such court. (*Bury v. Conklin*, 23 Kan. 460, and *Kipp v. Carlson*, 148 Kan. 657, 662, 84 P. 2d 899.) It is only in those cases where, during the trial, a defendant who has made an appearance in an action seeks to avoid the jurisdiction of the court wherein he has entered such appearance, that any difficulty is experienced. Even then, we are not without established precedents. Many decisions could be cited but we shall refer to only a few which in our judgment are determinative of appellant's contention. In *Wible v. Wible*, 153 Kan. 428, 110 P. 2d 761, it was held the voluntary appearance by a defendant is equivalent to service under the provisions of G. S. 1935, 60-2515. In *Butter Tub Company v. National Bank*, 115 Kan. 63, 70, 222 Pac. 754, it was said, one who voluntarily submits himself to the jurisdiction of the court cannot thereafter question such jurisdiction. To the same effect is *Kipp v. Carlson*, supra. *Hanson v. Hanson*, 86 Kan. 622, 122 Pac. 100, and *Abercrombie v. Abercrombie*, 64 Kan. 29, 67 Pac. 539, each determine that any appearance in an action other than to challenge the jurisdiction of the court is a general appearance for all purposes of the action.

With specific reference to what constitutes a general appearance *Bank v. Courter*, 97 Kan. 178, 155 Pac. 27, holds:

"A general appearance is entered by a defendant, (a) when he files a motion to make plaintiff's petition more definite and certain; (b) when he joins in a stipulation that plaintiff may have further time to amend his petition; (c) when files a general denial; (d) when he files an answer to the cross petition of his codefendant." (Syl. ¶ 3.)

*King v. Ingles*, 121 Kan. 790, 793, 250 Pac. 306, is authority for the rule that where a defendant in an action appears specially to challenge the court's jurisdiction by a motion to quash the service of summons, and in such motion raises an issue of law or fact directed to the merits of the action, he thereby enters a general appearance and a motion to quash should be overruled. So, also, is

*Suter Bros. v. Hebert,* 133 Kan. 262, 266, 299 Pac. 627 (and cases there cited). And, this court has repeatedly held, that a motion by a defendant to set aside a judgment rendered against him which contains both jurisdictional and nonjurisdictional grounds operates as a waiver of the jurisdictional grounds and constitutes a general appearance of the defendant, even though designated as a special appearance, and makes the defendant a party to the action as if he had voluntarily appeared at the trial. (*Barnett v. Ins. Co.,* 78 Kan. 630, 97 Pac. 962, and *Matthies v. Union Products Co.,* 138 Kan. 764, 28 P. 2d 754.)

Appellant urges the rule announced in the preceding cases is not applicable in a case where, as in the instant one, suit is brought against an insurance carrier in a county wherein it may be summoned and the insured is made a party defendant, especially when the insurance carrier escapes liability and is eliminated from the action as a party defendant through the medium of a demurrer to the evidence. To support his position he cites *Schoonover v. Clark,* 155 Kan. 835, 130 P. 619. Without attempting to discuss the details of that case it can be said it is authority for the matters therein determined but so far as appellant's contention is concerned all it holds is, that having filed a timely motion to quash service and at no time having waived venue, the defendant who was the owner of a truck insured by an insurance company which was not liable under the provisions of its policy, could not be required to defend an action in the county wherein it was instituted. A later decision, *Volok v. McCarter Truck Line,* 156 Kan. 128, 130, 131 P. 2d 713, definitely determines appellant's contention. In that case it was said: "But when the insurance company ceased to be a defendant the question of jurisdiction as to the remaining defendants, who had not waived jurisdiction, was to be determined as though the insurance company had not been joined as a defendant in the first instance."

There being no error in the overruling of either the demurrer to the evidence, the motion in arrest of judgment and for a directed verdict, and the motion for a new trial, and it appearing that no prejudice resulted to appellant in the admission of the evidence objected to, the judgment rendered by the trial court should be and the same is affirmed.