No. 37,279

MATTIE RUNNELS, *Appellee*, v. MONTGOMERY WARD & COMPANY, *Appellant* (C. K. FREEMAN and J. R. SMITH, Defendants).

(195 P. 2d 571)

Opinion filed July 10, 1948.

*Wm. E. Cunningham,* of Arkansas City, argued the cause, and *W. L. Cunningham, D. Arthur Walker* and *William R. Howard,* all of Arkansas City, were with him on the briefs for the appellant.

*George Templar,* of Arkansas City, argued the cause, and *Earle N. Wright,* of Arkansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages for personal

injuries sustained by the plaintiff on a portion of premises leased by the defendant, Montgomery Ward & Company, a corporation, from two defendant owners of the premises. The accident occurred in Arkansas City, Cowley county, where plaintiff alleged the defendant, Montgomery Ward & Company, operated a general retail store and where the defendant lessors and the plaintiff resided. In addition to the foregoing facts the petition further alleged:

". . . the defendant, Montgomery Ward & Co., is a corporation, duly authorized to do and transact business in the State of Kansas, and maintains an office and principal place of business in the city of Wellington, Sumner County, Kansas."

The action was instituted in the district court of Sumner county. The individual defendants and Montgomery Ward & Company filed motions and amended motions to dismiss the action. All motions were overruled and the defendant Montgomery Ward & Company alone appeals.

For the moment it is sufficient to say the original motion of appellant challenged the jurisdiction of the court over the person of the appellant and the subject matter of the action, alleged the action was improperly brought in that court and that no service was had on it in Sumner county. Additional matters alleged in appellant's amended motion related to the contention that, after appellant had complied with the provisions of G. S. 1935, 17-501, the action could be brought only pursuant to that statute and not otherwise. In support of the amended motion appellant introduced evidence consisting of exhibits designed to show compliance with the requirements of that particular statute.

The amended return of the sheriff of Sumner county reads:

"Received this writ this 15th day of October, 1947, and I certify that I could not find the President, Manager, Chairman of the Board of Directors or Trustees, or other chief officer of the defendant, Montgomery Ward & Co., a corporation, or its cashier, treasurer, secretary, clerk or managing agent, within the County of Sumner and I therefore served same upon Montgomery Ward & Co. on October 15, 1947, by leaving a copy thereof, duly certified at the office of the usual place of business of such corporation, with J. D. Gaines, Manager, the person in charge thereof, and I further certify that no process agent has ever been designated or appointed by said Montgomery Ward & Co., a corporation, at the office of the Clerk of the District Court in said County of Sumner."

Before considering the appeal on its merits we are confronted with appellee's contention the appeal is premature and must be dis-

missed. Appellee insists an order *overruling* a motion to dismiss an action does not constitute a final order within the meaning of G. S. 1935, 60-3302, 60-3303, and that, prior to final judgment, such an order is not appealable. A few of the decisions so holding are *Oil Co. v. Beutner*, 101 Kan. 505, 167 Pac. 1061; *Clingman v. Hill*, 104 Kan. 145, 148, 178 Pac. 243; *Maynard v. Bank*, 105 Kan. 259, 260, 182 Pac. 542; *Voelker v. Broadview Hotel Co.*, 148 Kan. 326, 330, 81 P. 2d 36; *Volok v. McCarter Truck Line*, 156 Kan. 128, 131, 131 P. 2d 713.

Appellant concedes that to be the general rule. It seeks to avoid its effect on the alleged ground the petition discloses on its face the proper venue of the action is Cowley county; the motion to dismiss should be construed as being tantamount to a demurrer and that an order sustaining or overruling a demurrer is appealable.

It is, of course, true that an order of the district court which sustains or overrules a demurrer is appealable to this court. (G. S. 1935, 60-3302.) It is likewise true that certain types of motions have been held to be tantamount to a demurrer. A few of the cases to that effect are *Smith v. Jones*, 145 Kan. 892, 893, 67 P. 2d 506; *G. S. Johnson Co. v. N. Sauer Milling Co.*, 148 Kan. 861, 84 P. 2d 934; *Hendricks v. Wichita Federal Savings & Loan Ass'n*, 157 Kan. 651, 656, 143 P. 2d 780.

Should the instant motion to dismiss the action, in which appellant appeared specially and for the purpose of that motion only, be treated as a demurrer for the purpose of making the order *overruling* the motion appealable?

We are aware of no case, and none is cited, in which we have held that particular kind of motion to be tantamount to a demurrer for the purpose of appeal. If appellant's contention that its *special appearance* by motion to dismiss the action is tantamount to a demurrer is sustained then the established rule previously mentioned will be effectually circumvented.

The sole purpose of a special appearance is, of course, to challenge the jurisdiction of the court without the movant submitting himself to its jurisdiction. On the other hand, a demurrer which challenges the jurisdiction of the court over the person and subject matter of a controversy constitutes a general appearance and the demurrant thereby submits himself to the jurisdiction of the court for all purposes. Having subjected himself to the jurisdiction of the court the civil code provides the right of appeal from an order

which sustains or overrules the demurrer. It is therefore apparent a motion, in the form of a special appearance to dismiss an action, cannot well be said to be entirely equivalent to a demurrer. Its function is not entirely the same and its effect on the movant is wholly different.

In any event in order for any motion to be regarded as having the qualities of a demurrer it is imperative that the pleading challenged thereby contain—on its face—all facts essential to a determination of the question of law involved. (*American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468.) Here appellant, in order to present the issue of venue for which it contended, introduced evidence in support of its amended motion.

Since no appeal lies at this stage of the proceedings from the order *overruling* the motion we cannot determine matters pertaining to the merits of the motion.

Appellee also contends if the motion to dismiss is to be treated as a demurrer for the purpose of appeal it must also be regarded as a demurrer for other purposes; that if the motion be treated as a demurrer it follows appellant, having entered his general appearance by demurrer, cannot be heard to complain the court erred in refusing to dismiss the action for want of jurisdiction over appellant and the subject matter. In view of what has already been said we need not pursue the contention.

*Berglund v. Hanna,* 149 Kan. 500, 87 P. 2d 581 and *Volok v. McCarter Truck Line,* 156 Kan. 128, 131 P. 2d 713, cited by appellant are not controlling on the precise point now before us. The Berglund case involved an election contest. In that case all the facts necessary to determine the law points raised by the motion to dismiss the contest appeared on the face of the statement made by the contestor. That case, if otherwise in point, involved no special appearance.

The Volok case (p. 131) is authority for the general rule previously stated herein. Paragraphs 2 and 5 of the syllabus disclose that case is not in point. The motion to quash was held to constitute far more than a motion to quash the summons. It was held the motion clearly challenged the sufficiency of the petition—on its face—to give jurisdiction to the court over the persons of the defendants.

The appeal must be dismissed. It is so ordered.