No. 43,280

DEAN A. BARTELL, LILLIAN I. BARTELL, JOHN F. ERICKSON, and LOIS C. ERICKSON, *Appellants* and *Cross-Appellees,* v. THE STATE HIGHWAY COMMISSION OF THE STATE OF KANSAS, *Appellee* and *Cross-Appellant.*

(382 P. 2d 334)

Opinion filed June 8, 1963.

*Wendell L. Garlinghouse,* of Topeka, argued the cause, and *Theodore H. Hill* and *Glenn J. Shanahan,* both of Wichita, were with him on the briefs for the appellants and cross-appellees.

*Charles N. Henson,* assistant attorney general, argued the cause, and *James L. Sweet* and *Kenton C. Granger,* both of Topeka, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

ROBB, J.: This is an appeal by plaintiffs from an order of the Shawnee district court transferring the cause from such court to the district court of Sedgwick county for want of venue, and from the subsequent order of the Sedgwick district court dismissing the cause without prejudice for want of jurisdiction either of the parties or the subject matter.

The defendant highway commission cross-appeals from the trial court's order entered by the Shawnee district court in which the cause was originally filed.

As gleaned from the petition, the alleged facts were that plaintiffs were the owners and operators of the Top Hat Motel and the land on which the motel was situated, which was located on the south side of highway 54 immediately west of the city of Wichita, Sedgwick county, Kansas. For at least four years plaintiffs had had free, unlimited, and unrestricted direct access to and from the highway. In 1959 the highway commission constructed a parallel frontage road on the south side of highway 54, which was along the north side of plaintiff's property, eliminating plaintiff's direct access to the highway from their motel property. The remainder of the petition alleged in further detail how plaintiffs were damaged and asked for judgment of $75,000 for such damages. They do not ask for determination of any right, title, or interest in and to any particular land or do they seek injunctive relief.

Summons was served upon Addison H. Meschke, director of highways, on August 24, 1961, and on September 22, 1961, the commission filed a lengthy motion to make more definite and certain and to strike. At the conclusion of the hearing on the above motion the Shawnee district court ordered the case trans-

ferred to the Sedgwick district court. In its formal order thereon the trial court stated that at the conclusion of the hearing on the motion to make more definite and certain and to strike, it had announced it would not rule on the motion but an order would be made to change the venue of the cause from the Shawnee district court to the Sedgwick district court.

Since no court reporter or other person was present to record the foregoing proceedings, an affidavit was filed in the Shawnee district court on behalf of the commission stating that at the conclusion of the arguments on the motion to make more definite and certain and to strike, the court refused to rule on the motion but instead, on its own motion and without hearing any evidence and without an application for change of venue having been made by either party to the action, ordered the venue changed from Shawnee county to Sedgwick county. The trial court's only stated reason for so doing was that the land involved is situated in Sedgwick county and the court felt that is where the case should be tried.

After the files were transferred to Sedgwick county, the commission filed a motion to dismiss the case stating this was an *in personam* action, and under G. S. 1949, 60-511, venue had been improperly transferred, and further, that the Sedgwick district court did not have jurisdiction of the parties or the subject matter. This motion was sustained by the Sedgwick district court and the cause dismissed without prejudice at the cost of plaintiffs. Hence this appeal.

On appellate review both parties frankly and conclusively agree this is an *in personam* action and the only forum available to plaintiffs for such cause is the district court of Shawnee county.

As prescribed in *Shields v. State Highway Commission,* 178 Kan. 342, 286 P. 2d 173, plaintiffs properly served the state director of highways:

"Service of written notice upon the director of highways within the time and manner specified in G. S. 1949, 68-419, is a prerequisite to the maintaining of an action to recover damages thereunder." (Syl. ¶ 2.)

Our attention is directed to a number of opinions of this court, and we shall hereafter mention a few of them, relating to the first question presented in this appeal as to whether the venue of the cause of action rested exclusively in the district court of Shawnee county and the order of transfer by that court was, therefore, void.

(*Verdigris River Drainage Dist. v. City of Coffeyville,* 149 Kan. 191, 86 P. 2d 592; *Olsen v. Lamber,* 158 Kan. 94, 145 P. 2d 159; *Atkinson v. State Highway Commission,* 184 Kan. 658, 339 P. 2d 334; *Dugger v. State Highway Commission,* 185 Kan. 317, 342 P. 2d 186.) The opinion in the Dugger case, where the venue was properly placed in the district court of Shawnee county, included a discussion of jurisdiction and it was there stated:

"This is an action *ab initio* for recovery of money because the landowner has lost property or rights therein (which he allegedly originally owned and possessed) by reason of the highway development above set out and thus there can be no issue of his and the commission's respective interests in the land." (p. 320.)

In the Verdigris River case we find the following cardinal rule:

"The venue of an action against the state highway commission is in Shawnee county, except as to those matters in which the legislature has specifically provided an action against it may be brought elsewhere." (Syl. ¶ 2.)

On page 194 of the foregoing opinion the highway commission was identified as an arm of the state and the discussion therein mentioned other actions that might be brought against the commission in some county other than Shawnee, but an *in personam* action was not included therein. Neither is such an action included under G. S. 1949, 60-501, having to do with actions *in rem,* wherein three specific types of action are set out. The Olsen and Atkinson cases are to the same effect as the Verdigris River and Dugger cases, supra, and we think it unnecessary to extend this opinion by reiterating the substance of those opinions. While there may be other reasons why the Shawnee district court erred in ordering the transfer, we think it sufficient to say that under the above authorities the full and exclusive jurisdiction in this *in personam* action is in the Shawnee district court and the order of that court made upon its own motion is void. The result is the action still pends in the Shawnee district court. The Sedgwick district court's order of dismissal, therefore, cannot stand and in furtherance of justice we are compelled to reverse such order with directions to transfer the records and files back to the Shawnee district court for further proceedings since that is where the jurisdiction and venue properly lie. It is so ordered.