School Children — Busing — Contract Carriers A private individual who contracts to furnish transportation to and from public schools and to and from other school related activities for compensation is a "contract carrier by motor vehicle" as defined in 47 O.S. 161 [47-161](H) (1968), and is subject to regulation by the Corporation Commission. The Attorney General has had under consideration your letter wherein you, in effect, ask: Is a private individual furnishing transportation for school children to and from the public schools and to and from other public school related extracurricular activities, under contract with a public school board, under the regulation of the Oklahoma Corporation Commission so as to require said independent contractor to obtain a motor carrier permit from the Commission? Title 47 O.S. 161 [47-161] (1968), vests the Corporation Commission with the power to regulate transportation by motor carriers over public highways of this state. Title 47 O.S. 161 [47-161](F) (1968), defines motor carriers to include: ". . . A common carrier by motor vehicle and a contract carrier by motor vehicle, operating upon any public highway for the transportation of passengers or property for compensation or for hire or for commercial purposes, and not operating exclusively within the limits of an incorporated city or town within this state. Provided the provisions of this Act shall not apply to cabs and bus companies engaged in the transportation of passengers and their baggage, not operated between two or more cities and towns, when duly licensed by a municipal corporation in which they might be doing business. Provided, further, the provisions of this Act shall not apply to transportation of livestock and farm products in the raw state, including cotton, whether in the seed or ginned, and including cottonseed and baled hay, when any of such commodities move from farm to market or from market to farm on a vehicle or on vehicles owned and operated by a bona fide farmer not engaged in motor vehicle transportation on a commercial scale." Title 47 O.S. 161 [47-161](E) (1968), provides in part as follows: "The term `contract carrier by motor vehicle' means any person which engages in transportation by motor vehicle of passengers or property in interstate or intrastate commerce, for compensation. . . under continuing contracts with one person or a limited number of persons . . . (b) for the furnishing of transportation services designed to meet the distinct need of each individual customer." (Emphasis added) The foregoing definition of a "contract carrier" is very similar to the wording used in 71 Stat. 411 (1957) (49 U.S.C.A. Section 303(15)), where this section of the Interstate Commerce Act defines "contract carrier". In the case of Interstate Commerce Commission v. A. W. Stickle and Company 41 F. Supp. 268 (E.D. Okl. 1941), the court said at page 271: "Common and Contract carriers are characterized by the fact that they transport property `for compensation'." Kansas is another state which names Common Carriers, Contract Carriers, and Private Carriers as the three types of carriers. In Volk v. McCarter Truck Line 156 Kan. 128, 131 P.2d 713 (1942), the court stated: "Contract carriers do not `hold themselves out' to serve the public generally for hire or have other essential characteristics of common carriers. They serve only certain patrons, — one or more — under contract." An exemption from the requirements imposed upon common motor carriers and contract motor carriers of the transportation of school children is found in many states, but no such exclusion exists in Oklahoma. The only exemptions provided for in Oklahoma are those quoted in 47 O.S. 161 [47-161](F) (1968), supra. Therefore, it is the opinion of the Attorney General that your question should be answered in the affirmative in that a private individual who contracts to furnish transportation to and from public schools and to and from other school related activities for compensation is a "contract carrier by motor vehicle" as defined in 47 O.S. 161 [47-161](H) (1968), and is subject to regulation by the Oklahoma Corporation Commission. (Tim Leonard)